UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| HOSPITAL STAFFING SERVICES, INC., ETC., ET AL. | CASE NO.    98-21821-BKC-RBR |
| | (JOINTLY ADMINISTERED) |
| Debtors. | |
| KENNETH A. WELT as Chapter 7 Trustee of Hospital Staffing Services, Inc. and its fourteen (14) related Debtors, | ADV. NO.: 99-2328-BKC-RBR-A |
| Plaintiff, | **00-6127** |
| v. | **CIV-GRAHAM** |
| DONNA SHALALA, as Secretary of the United States Department of Health and Human Services, | **MAGISTRATE** **TURNOFF** |
| Defendant. | |

## NOTICE OF APPEAL

COMES NOW, Kenneth A. Welt ("Welt"), Chapter 7 Trustee for Hospital Staffing

Services, Inc. and its fourteen (14) affiliates (collectively "Debtors"), by and through undersigned

counsel and pursuant to Fed.R.Bankr.P. 8001(a) files this *Notice of Appeal* of the Court's *Order*

*Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial*

*Summary Judgment* (C.P. 23) dated December 7, 1999 and *Order Denying Trustee's Motion for*

*Rehearing and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint,*

*etc.* (C.P. 29) dated December 22, 1999.  The parties to the *Orders* appealed and the name and

address of their counsel are as follows:

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-3121

*Adv. No. 99-2328-BKC-RBR-A*

| | |
|---|---|
| Appellant: | Kenneth A. Welt, as Chapter 7 Trustee for Hospital Staffing Services, Inc. and its fourteen (14) affiliates |
| Counsel for Appellant: | Arthur Halsey Rice, Esq.<br>Rice & Robinson, P.A.<br>848 Brickell Avenue, Suite 1100<br>Miami, Florida, 33131<br>Telephone: (305) 379-3121<br>Facsimile: (305) 379-4119 |
| Appellee: | Donna Shalala, as the Secretary of the United States Department of Health and Human Services |
| Counsel for Appellee: | Tom Scott, Esq., U.S. Attorney<br>Grisel Alonso, Esq., Asst U.S. Attorney<br>U.S. Attorney's Office<br>99 NE 4th Street, Suite 300<br>Miami, FL 33132-2111<br>Telephone: (305) 961-9310<br>Facsimile: (305) 530-7195 |
| Co-Counsel for Appellee: | Bruce R. Granger, Esq.<br>Greg Bongiovanni, Esq.<br>Office of the General Counsel<br>U.S. Department of Health and Human Services<br>61 Forsyth Street, SW, Suite 5M60<br>Atlanta, Georgia 30303-8909<br>Telephone: (404) 562-7836<br>Facsimile: (404) 562-7855 |

2

*Adv. No. 99-2328-BKC-RBR-A*

I hereby certify that I am admitted to the Bar of the United States District Court for the

Southern District of Florida and I am in compliance with the additional qualifications to practice

in this Court set forth in Local Rule 2090-1(A).

Dated this ____3____ day of January, 2000.

> **RICE & ROBINSON, P.A.**
> Attorneys for Appellant/Trustee
> 848 Brickell Avenue, Suite 1100
> Miami, Florida 33131-2943
> Telephone:    (305) 379-3121
> Facsimile:    (305) 379-4119
>
> By:_____
> ARTHUR HALSEY RICE
> Florida Bar No.: 224723
> JAMES MATTHEW VAUGHN
> Florida Bar No.: 151122

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing was served via U.S. Mail, postage

prepaid, upon all parties set forth on the attached service list this ____3____ day of January, 2000.

_____
JAMES MATTHEW VAUGHN

G:\WPDOCS\1212\017-Shalala Adversary\Notices\Notice of Appeal.wpd

*Welt v. Shalala, et al.*

G:\WPDOCS\1212\017-Shalala Adversary\Service
List.wpd

Thomas E. Scott, Esq., U.S. Attorney
Grisel Alonso, Esq., Asst U.S. Attorney
U.S. Department of Justice
99 NE 4th Street, Suite 310
Miami, FL  33132

U.S. Dept. of Health and Human Services
200 Independence Avenue, S.W.
Washington DC 20201

Greg Bongiovanni, Esquire
Department of Health and Human Servs
61 Forsyth Street, S.W., Suite 5M60
Atlanta, Georgia  30303-8909

Kenneth A. Welt, Trustee
3790 N 28 Terrace
Hollywood, FL  33020

Janet Reno, U.S. Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington DC 20530
Donna Shalala, Secretary

Andrew Zaron, Esq.
Ruden, McCloskey, Smith, *et al.*
200 E. Broward Boulevard, #1900
Fort Lauderdale, Florida 33302

Lance Baker, Esq.
Capital Healthcare Financing, a division of
Capital Factors, Inc.
120 East Palmetto Park Rd.
Boca Raton, FL 33432

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In Re:                                    Case No.   98-21821-BKC-RBR

HOSPITAL STAFFING SERVICES,               Chapter 7
INC., et al.,

        Debtors.                          (JOINTLY ADMINISTERED)
_____/

KENNETH A. WELT, Chapter 7
Trustee for the Estate of Hospital
Staffing Services, Inc. and its
fourteen (14) related Debtors,                                    12/8/99

        Plaintiff

v.                                        Adv. No. 99-2328-BKC-RBR-A

DONNA SHALALA, as Secretary
of the United States Department
of Health and Human Services,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CAUSE came before the Court for hearing on November 9,
1999 upon motion by the defendant, Donna Shalala in her official
capacity as the Secretary of the United States Department of Health
and Human Services ("the Secretary"), to dismiss the above-styled
adversary proceeding for lack of jurisdiction over the subject

23

matter, pursuant to F.R.Civ.P. 12(b)(1) (made applicable to this adversary proceeding by Fed.R.Bankr.P. 7012(b)). At the same time, the Court entertained the motion of the plaintiff, Kenneth A. Welt as the Chapter 7 trustee of the bankruptcy estates ("the Trustee"), for partial summary judgement as to Count III of the Complaint. The Court, having reviewed the pleadings, considered the argument of counsel, and being otherwise duly advised in the premises, finds as follows.

### Introduction

The subsidiaries of Hospital Staffing Services, Inc. ("HSSI") formerly operated home health agencies which held Medicare provider agreements with the Secretary, under which agreements the home health agencies received Medicare reimbursement for services they rendered to beneficiaries of the Medicare program. The HSSI home health agencies ceased operations in February 1999, whereupon the Chapter 11 cases were converted to Chapter 7 and the Trustee was appointed. At that time, the HSSI home health agencies had a large number of appeals pending before the Provider Reimbursement Review Board ("PRRB"), the national administrative tribunal which alone adjudicates Medicare providers' reimbursement-related grievances. The Trustee's Complaint (at Count III) seeks a declaratory judgment that the Trustee may sue the Secretary directly on these and any

2

other Medicare-related matters. In addition, the Trustee (in Counts I and II) asks that the Court intervene in the process whereby the Secretary (through her agent, the Medicare fiscal intermediary) requires the submission of cost documentation in the context of analyzing the former HSSI providers' Medicare cost reports.

In response to the Complaint, the Secretary filed a Motion to Dismiss (C.P. 12) wherein she maintains that this Court does not have subject matter jurisdiction over the matters in the Complaint. The Secretary also opposes the Trustee's Motion for Summary Judgment as to Count III of the Complaint on the same jurisdictional basis. In addition, the Secretary argues that material questions of fact exist, thereby precluding entry of summary judgment.

### Fundamental Medicare Process and Appellate Recourse

In order to receive Medicare reimbursement for services delivered to Medicare beneficiaries, a health care entity such as a home health agency must enter into a provider agreement with the Secretary. 42 U.S.C. § 1395cc. Under a provider agreement, the provider is to be reimbursed in an amount no greater than certain actual reasonable costs incurred in providing services to Medicare beneficiaries. 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A).

3

Interim payments, based on estimates of the provider's costs, are made to a provider not less than monthly, with subsequent corrective adjustments anytime an overpayment or underpayment is determined. See 42 U.S.C. § 1395g(a); 42 C.F.R. §§ 413.1(a), 413.60. The payment and adjustment functions are performed by a Medicare fiscal intermediary, a private entity acting under contract with the Secretary. 42 U.S.C. § 1395h. An intermediary may adjust the provider's interim rate of payment if it has evidence that the provider's actual reimbursable costs fall significantly below the computed rate. 42 C.F.R. § 413.64(e). These adjustments are not appealable. The intermediary later reviews and analyzes the annual Medicare cost report submitted by the provider after the close of a fiscal year (as well as the additional cost information submitted by the provider throughout the course of the year). See 42 C.F.R. § 413.24. Eventually, the intermediary reaches a final determination of the amount of total reimbursement which was properly due the provider for that year and issues a notice of program reimbursement ("NPR") setting forth that determination. 42 C.F.R. § 405.1803. -

A provider that is dissatisfied with a Medicare determination may initiate an administrative appeal, but only after the fiscal intermediary has issued an NPR to the provider. 42 U.S.C.

4

§ 1395oo(a); 42 C.F.R. § 405.1803.  The provider files its appeal

with the PRRB, the national tribunal with the charge to adjudicate

disputes over the Medicare reimbursement determinations made by the

intermediaries.  By law, the PRRB is comprised of five members, at

least one of whom must be a certified public accountant;  two of

whom must be "representative of providers of services;" and all

five of whom must be "persons knowledgeable in the field of

[Medicare's] payment of providers of services."  42 U.S.C.

§ 1395oo(h).  In most cases, the PRRB's ruling becomes the final

decision of the Secretary.  See 42 U.S.C. § 1395oo(f)(1).

A provider that has presented its case to the PRRB and has

exhausted its administrative remedies, but remains dissatisfied

with the outcome, may then seek judicial review of the final

administrative decision.  42 U.S.C. § 1395oo(f)(1).  Such action

"shall be brought in [federal] district court . . ."  Id.  The

district court reviews the administrative decision "pursuant to the

applicable provisions under chapter 7 of Title 5," i.e. the

Administrative Procedure Act ("APA").  See id.  In general, a

reviewing court considers the administrative decision under a

specified standard of review, and upon a closed administrative

record.  See 5 U.S.C. § 706.

In addition to PRRB appeals, the federal regulations provide

5

an additional avenue of recourse for a provider that is dissatisfied with an NPR. If, subsequent to the Medicare intermediary's issuance of an NPR, the provider comes upon documentation which it believes might change the determination set forth in the NPR, the provider may, within three years of issuance, approach the Medicare intermediary with a request that the NPR be re-opened. 42 C.F.R. § 405.1885.

### Jurisdictional considerations

The Medicare statute sets forth the exclusive basis for the jurisdiction of any court over disputes pertaining to Medicare reimbursement. The pertinent provision is codified at 42 U.S.C. § 405(h):

> The findings and decision of the [Secretary] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

This section, which was originally enacted with regard to Social Security determinations, is specifically made applicable to Medicare determinations by 42 U.S.C. § 1395ii.[1]

---

[1] The Medicare program was established as an amendment to the Social Security Act, at Title XVIII thereof.

The particular procedures to be followed by a Medicare grievant in seeking review of a reimbursement "decision of the [Secretary]" are codified at 42 U.S.C. § 1395oo, which establishes the PRRB.  The grievant must first exhaust its administrative remedies, *after* which it may go to district court and obtain APA-governed review of the final administrative decision.  Except as specified at  § 1395oo, a court is barred by § 405(h) from jurisdiction over a grievant's Medicare reimbursement concerns.

The United States Supreme Court has long recognized that 42 U.S.C. § 405(h) is "sweeping and direct" in its curtailment of litigation against Social Security programs or their administrators.  <u>Weinberger  v. Salfi</u>, 422 U.S. 749, 757 (1975).  The reach of § 405(h) "is not limited to decisions of the Secretary on issues of law or fact."  <u>Id.</u> at 762.  "Rather it extends to any action seeking to recover on any . . . claim."  <u>Id.</u>

In deciding <u>Heckler v. Ringer</u>, 466 U.S. 602 (1984), the Supreme Court first applied the logic of <u>Salfi</u> directly to a Medicare matter.  In <u>Ringer</u>, the Court read the preclusive effect of § 405(h) as sufficiently broad as to bar review of all those provider claims which are "inextricably intertwined" with Medicare payment determinations.  The terms of the Medicare statute provide the sole avenue of review for any claim "arising under" the

7

Medicare Act.  Id. at 614-615.  Indeed, claims brought under other statutes or authorities are barred by § 405(h) if they are also "inextricably intertwined" with reimbursement determinations under the Medicare statute.

The Court of Appeals for the Eleventh Circuit has implemented the reasoning of Ringer.  See, e.g., American Academy of Dermatology v. Department of Health and Human Services, 118 F.3d 1495 (11th Cir. 1997) (court lacked jurisdiction over local medical review policy utilized by Secretary's Medicare contractor); Charter Med. Corp. v. Bowen, 788 F.2d 728 (11th Cir. 1986) (court lacked jurisdiction where plaintiff sought prospective relief from alleged erroneous Medicare payment rates); American Fed'n of Home Health Agencies, Inc. v. Heckler, 754 F.2d 896 (11th Cir. 1984) (court lacked jurisdiction over Secretary's decision to transfer Medicare payment functions from government office to private entities).

The Bankruptcy Court for the Southern District of Florida, in an opinion by the Honorable Robert A. Mark, specifically recognized that bankruptcy courts have no greater jurisdiction than any other court over a Medicare reimbursement question where administrative remedies have not yet been exhausted.  In re St. John Home Health Agency, Inc., 173 B.R. 238 (Bankr. S.D. Fla. 1994).  In the St. John case, the Debtor sought to assume its provider agreement with

8

the Department of Health and Human Services.  As part of the assumption process, the Debtor asked the Court to determine the amount of existing defaults under the agreement.  Then, if the amount determined by the Court was less than the amount already being withheld by the fiscal intermediary, the Debtor sought to have the Health Care Financing Administration ("HCFA") and the fiscal intermediary stop withholding postpetition reimbursement payments.

The Secretary opposed the Debtor's Motion, arguing that the Court did not have jurisdiction over HCFA's calculation of amounts owed a provider until all administrative remedies are exhausted pursuant to 42 U.S.C. § 405(h).  In concluding that the Court was without jurisdiction to grant the relief requested by the Debtor, the Court recognized that 42 U.S.C. § 405(h) did not divest the Court of jurisdiction to consider the request for authority to assume the provider agreement.  Id. at 242.  However, the Court could not resolve the dispute as to the amount of alleged prepetition overpayments and the manner in which they could be recovered by HCFA.  The Court reviewed 42 U.S.C. § 405(h) and found that the determination of the amount of alleged overpayments was subject to administrative appeal, and could not be considered by the Court until the Debtor exhausted all administrative remedies.

9

Id. at 243.

As Judge Mark noted, "[t]he filing of a bankruptcy petition does not and should not create a shortcut to judicial review of administrative decisions otherwise subject to exhaustion requirements." Id. While requiring the Debtor to exhaust all administrative remedies would not provide relief to the Debtor as quickly as desired, or was maybe even needed by the Debtor to survive, Judge Mark noted that this "is one of the potentially unfortunate consequences of doing business in a heavily regulated field where compensation is highly dependent upon administrative processes." Id. at 244.

Similarly, in In re The Southern Inst. for Treatment and Evaluation, 217 B.R. 962 (Bankr. S.D. Fla. 1998), the Honorable Paul G. Hyman, Jr. found that this Court "does not have jurisdiction over any dispute regarding the amount of the Debtor's Medicare reimbursement and/or overpayments." Id. at 965. As in St. Johns, the Court found that these amounts are subject to administrative process, and "[t]he law affords no judicial consideration of any Medicare reimbursement matter before the exhaustion of administrative remedies." Id. "The filing of a

chapter 11 petition does not change that result."[2]  Id. (quoting St. Johns, 173 B.R. at 247-248).

Notwithstanding the above, the Trustee maintains that the bankruptcy court may take jurisdiction under 28 U.S.C. § 1334 since it is not specifically mentioned in 42 U.S.C. § 405(h).  This precise argument has been addressed by numerous courts, including the bankruptcy court of this district in St. Johns.  These courts have examined the history of 42 U.S.C. § 405(h) and determined that the third sentence of the section, which references only §§ 1331 and 1346, represents an inadvertent error in certain technical amendments to the statute in 1984.  See  Bodimetric Health Services, Inc. v. Aetna Life & Casualty, 903 F.2d 480 (7th Cir.

_____

[1] See also Home Comp Care, Inc. v. Shalala (In re Home Comp Care, Inc.), 221 B.R. 202 (N.D. Il. 1998) (bankrupt provider "must still exhaust its administrative remedies prior to obtaining judicial review"); New York Therapeutic Tech. Inc. v. Shalala (In re Orthotic Center), 193 B.R. 832, 835 (N.D. Ohio 1996) ("the bankruptcy court does not have jurisdiction over Medicare disputes"); Sullivan v. Hiser (In re St. Mary Hospital), 123 B.R. 14, 17 (E.D. Penn. 1991) ("The misfortune that a provider is in bankruptcy when he has a reimbursement dispute with the Secretary should not upset the careful balance between administrative and judicial review.  There is no compelling reason to treat the bankrupt provider differently than any other provider."); Andrews v. Blue Cross & Blue Shield of Mich. (In re Clawson Med., Rehabilitation and Pain Care Center, Inc.), 12 B.R. 647, 652 (E.D. Mich. 1981) ("bankruptcy court does not have any greater jurisdiction to invade and ignore the congressionally established procedures to challenge the decisions of the Secretary than does the district court") ; Tri County Home Health Servs. Inc. v. Department of Health and Human Servs. (In re Tri County Home Health Services, Inc.), 230 B.R. 106, 108 n.1 (Bankr. W.D. Tenn. 1999) ("There is a firm jurisdictional bar against any court adjudicating any reimbursement dispute except as provided in the Medicare statute.") (emphasis added); Visiting Nurses Ass'n of Tampa Bay v. Sullivan (In re Visiting Nurses Ass'n of Tampa Bay), 121 B.R. 114, 118 (Bankr. M.D. Fla. 1990).

1990), cert. denied, 498 U.S. 1012 (1990) (no § 1332 jurisdiction);
St. Johns, 173 B.R. at 244 (no § 1334 jurisdiction).    See also
Midland Psychiatric Assocs., Inc. v. United States, 145 F.3d 1000,
1004 (8th Cir. 1998) (no § 1332 jurisdiction);    In re St. Mary
Hospital, 123 B.R. at 16-17 (no § 1334 jurisdiction); In re AHN
Homecare, L.L.C., 222 B.R. 804, 807-808 (Bankr. N.D. Tex. 1998)
(same); In re Upsher Laboratories, Inc., 135 B.R. 117, 119-120
(Bankr. W.D. Mo. 1991) (same).    The Courts have reviewed the
legislative history behind the amendments and determined that the
omission of other specific code sections such as 28 U.S.C. § 1334
from the amended version of 42 U.S.C. § 405(h) was not meant to
create federal jurisdiction, bankruptcy or otherwise, where it
previously was precluded.    See St Johns, 173 B.R. at 244. This
Court has reviewed the findings of the courts cited above, in
addition to the cases cited by the Trustee[1], and finds no reason to
rule differently.

### Discussion

The Trustee's Complaint asks this Court to interpose itself in

_____

[1]    The Court has reviewed In re Healthback, L.L.C., 226 B.R. 464 (Bankr. W.D. Okla.
1998), and First Am. Health Care of Ga., Inc. vs. Shalala (In re First Am. Health Care of Ga.),
208 B.R. 985 (Bankr. S.D. Ga. 1996), in which the Bankruptcy Court's exercised jurisdiction
over Medicare questions despite the debtors' failure to exhaust all administrative remedies.
Those opinions are not binding on this Court, and to the extent that they find an independent
basis for jurisdiction under 28 U.S.C. § 1334, the Court disagrees.

the process involved in Medicare determinations. The Trustee wishes

to have the Court intervene in the ministerial activities of the

fiscal intermediary, which include calling upon the Trustee for the

submission of the former HSSI providers' cost data.   The Trustee

also wishes to be able to sue the Secretary directly, without first

pursuing his disputes through the legislatively designated channel,

the PRRB.   This Court has no authority to subvert or re-draw the

Medicare system as established by Congress.   A court would have no

basis to do so even where a health care provider complained that,

absent such relief, it might have to close its doors.   <u>VNA of

Greater Tift County, Inc. v. Heckler</u>, 711 F.2d 1020, 1034 (11th

Cir. 1983), <u>cert. denied</u>, 466 U.S. 936 (1984).   As the Bankruptcy

Court for this district has previously recognized, a court would

have no authority to alter the system merely because a health care

provider has filed a bankruptcy petition.   <u>See</u>   <u>St. John</u>, 173 B.R.

at 247-248.   In the instant case, the Trustee's argument that the

administrative remedies do not provide relief in a sufficiently

timely manner is even less compelling because the HSSI providers

are no longer operating.

The Court recognizes that the Trustee must pursue and exhaust

the administrative remedies available to him before <em>any</em> court may

review the decisions of the Secretary.   The PRRB is the sole

13

tribunal charged by Congress to hear the appeals of Medicare reimbursement matters brought by providers from around the country. That the Trustee may dislike the administrative process before the PRRB, for any reason, cannot alter the fundamental reality that the PRRB is the only body authorized to entertain the HSSI appeals. Only after the final agency decision may any court review the agency's determination.

As to the Trustee's request that the Court intervene in the setting of deadlines by the Medicare fiscal intermediary, the Court again lacks jurisdiction. A court certainly has no more jurisdiction over the day-to-day operations of the Medicare system than it has jurisdiction over actual reimbursement determinations. Here, the Trustee expresses concern over the intermediary's purported "threat of denying all reimbursable costs."[4] Even assuming that the intermediary were to implement a deadline for the submission of cost information, and even assuming the intermediary were to deny costs for failure to submit adequate documentation to support the costs claimed on the Medicare cost reports, any adverse NPR could be appealed administratively to the PRRB. 42 U.S.C. §

_____

[4]The Secretary represented at hearing that no such deadlines have been implemented. However, even assuming that deadlines had been implemented, the Court's legal analysis would remain unaffected.

14

1395oo; 42 C.F.R. § 405.1803. *Alternatively*, if cost documentation later becomes available, the consideration of which might change the determination set forth in the NPR, a request could be made to the intermediary -- *within three years* -- that the NPR be reopened. 42 C.F.R. § 405.1885. These are the lawful avenues which might be available to the Trustee. As noted before, no court can take jurisdiction over the matters in the absence of a final administrative decision of the Secretary.

The Court's findings in this opinion are not inconsistent with those made by the Court in the related adversary proceeding of Hospital Staffing Services of Tennessee, Inc. vs. Donna Shalala et al., Adv. No. 98-2151-BKC-RBR-A. In that matter, the Court exercised jurisdiction over the Plaintiff's motion for a temporary restraining order and/or preliminary injunction when HCFA improperly withheld post-petition payments from the Plaintiff. In that case, funds due the Plaintiff post-petition were taken by HCFA and applied to unrelated overpayments of a separate entity, HSS of California, Inc. The Plaintiff sought a finding by this Court, not as to the amount of the over-payment (which was undisputed), or that the actions of HCFA in applying the Debtor's funds to the account of another provider was improper (which also was

15

undisputed), but whether the action of HCFA violated the automatic stay. The determination of that question is within the jurisdiction of the Bankruptcy Court.

In accordance with the foregoing, the Court hereby grants the Secretary's motion and denies the Trustee's motion. The Complaint and the adversary proceeding are hereby dismissed in their entirety.

DONE AND ORDERED in the Southern District of Florida on

DEC 7 1999

## RAYMOND B. RAY

RAYMOND B. RAY
United States Bankruptcy Judge

Copies furnished to:

Grisel Alonso
Assistant U.S. Attorney
U.S. Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida  33132-2111
Attorney for the Defendant, Secretary of Health & Human Services

[Grisel Alonso, AUSA, Esq., is hereby directed to mail a conformed copy, immediately upon receipt, to all interested parties and to file a Certificate of Mailing with the Court.]

16

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In Re:                                    Case No.  98-21821-BKC-RBR

HOSPITAL STAFFING SERVICES,               Chapter 7
INC., et al.,

    Debtors.                              (JOINTLY ADMINISTERED)
_____/

KENNETH A. WELT, Chapter 7
Trustee for the Estate of Hospital
Staffing Services, Inc. and its
fourteen (14) related Debtors,

    Plaintiff

v.                                        Adv. No. 99-2328-BKC-RBR-A

DONNA SHALALA, as Secretary
of the United States Department
of Health and Human Services,

    Defendant.
_____/

### ORDER DENYING TRUSTEE'S MOTION FOR REHEARING AND/OR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT, ETC.

This matter came before the Court upon the Trustee's Motion

for Rehearing and/or Reconsideration of Order Granting

Defendant's Motion to Dismiss Complaint and Denying Plaintiff's

Motion for Partial Summary Judgment and for Leave to Amend the

Complaint.  The Court, having reviewed the Motion and court file,

and being otherwise duly advised in the premises, finds as

29

follows.

A motion for reconsideration of a bankruptcy court order is generally treated as a motion to alter or amend under Fed R. Civ. P. 59(e), In re Investors Florida Aggressive Growth, 168 B.R. 760 (Bankr. N.D. Fla. 1994), and can only be made if the following conditions are met:

> 1.    An intervening change in controlling law has occurred;
>
> 2.    Evidence not previously available has become available; or
>
> 3.    It is necessary to correct a clear error of law or to prevent manifest injustice.
>
> Deutsch v. Burlington Northern Ry. Corp., 983 F.2d 741 (7th Cir. 1992), cert. denied, 113 S.Ct. 1845 (1993).

Such motions are aimed at reconsideration, not initial consideration and, therefore, parties may not use them to raise arguments which could and should have been raised prior to the entry of judgment. Seamon v. Vaughan, 921 F.2d 1217 (11th Cir. 1990). As noted by the District Court for the Middle District of Florida:

> The Court's consideration of a prior order is an extraordinary remedy.  Exercise of this power must of necessity be used sparingly. When issues have been carefully considered and decisions rendered, the only reason which should command reconsideration of that decision is a change in a factual or a legal underpinning upon which the decision was

based. The movant must set forth facts or
law of a strongly convincing nature to induce
the court to reverse its prior decision.

<u>Taylor Woodrow Constr. v.
Sarasota/Manatee</u>, 814 F.Supp. 1072, 1073
(M.D. Fla. 1993).

Upon review of the Motion, there is nothing which would
indicate that there has been an intervening change in controlling
law, that evidence previously unavailable has become available,
or that the Court made a clear error of law. Nor has there been
an indication that the Order must be amended to prevent manifest
injustice.

The Court also finds an insufficient basis to allow the
amendment of the Complaint at this time.

Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion for Rehearing and/or Reconsideration is
DENIED without prejudice.

2. The Motion for Leave to Amend the Complaint is DENIED
without prejudice.

DONE AND ORDERED this 22 day of December, 1997 in
Chambers in Ft. Lauderdale, Florida.

RAYMOND B. RAY, Judge
United States Bankruptcy Court

Copies furnished to:

Arthur Halsey Rice, Esq.
Rice & Robinson, P.A.
848 Brickell Avenue
Suite 1100
Miami, FL 33131

Grisel Alonso, Esq.
Asst. U.S. Attorney
U.S. Department of Justice
99 N.E. 4th Street, Suite 310
Miami, FL 33132

Attorney Rice is hereby directed to serve a copy of this order
upon all interested parties not listed above