FILED BY [illegible] D.C.
00 FEB -9 PM 4:54
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIA.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**In re:**

**HOSPITAL STAFFING SERVICES, INC., *ETC., ET AL.***

**Debtors.**

**CASE NO. 98-21821-BKC-RBR**

**(JOINTLY ADMINISTERED)**

**KENNETH A. WELT as Chapter 7 Trustee of Hospital Staffing Services, Inc. and its fourteen (14) related Debtors,**

**Plaintiff/Appellant,**

***v.***

**DONNA SHALALA, as Secretary of the United States Department of Health and Human Services,**

**Defendant/Appellee.**

**ADV. NO. 99-2328-BKC-RBR-A**

**USDC NO. 00-6127-CIV-GRAHAM**

**APPELLANT'S MOTION TO SUPPLEMENT RECORD ON APPEAL**

**Kenneth A. Welt** ("Welt"), chapter 7 trustee for the estates of Hospital Staffing Services, Inc. and its fifteen (15) affiliates, by and through undersigned counsel respectfully requests this Court for the entry of an Order supplementing the record on appeal and in support thereof states as follows:

1. On January 12, 1999, Welt filed his *Designation of Items to be Included in the Record on Appeal and Statement of Issues to be Presented* ("*Designation*") in support of the *Notice of Appeal* filed on January 3, 2000 from the Bankruptcy Court's *Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment* ("*Dismissal Order*") dated December 7, 1999 and *Order Denying Trustee's Motion for Rehearing*

NON-COMPLIANCE OF S.D. Fla. L.R. 7.1 AU

*and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint, etc.* ("*Rehearing Order*") dated December 22, 1999.

2. The gravamen of Welt's appeal concerns whether the Bankruptcy Court erred in declining to exercise jurisdiction over the Debtors' rights in certain Medicare receivables in light of certain actions taken by Donna Shalala as the Secretary for the United States Department of Health and Human Services ("Shalala") and certain of her agents acting on her behalf that effected the Debtors' rights in such receivables.

3. The record for this appeal as it now stands includes all pertinent papers filed by Welt, Shalala, and the various Order entered by the Bankruptcy Court. However, what is not included, but upon which the Bankruptcy Court relied, in part, when it entered its *Dismissal Order* and *Rehearing Order* is the *Memorandum Decision Granting Debtor's Motion Pursuant to 11U.S.C. § 105 and Fed.R.Bankr.P. 7065 for Temporary Restraining Order and/or Preliminary Injunction* ("*Memorandum Decision*") entered by the Bankruptcy Court in a related adversary proceeding disposed of during the Debtors' chapter 11 cases styled *Hospital Staffing Services of Tennessee, Inc. v. Donna Shalala et al.*, Adv. No. 98-2151-BKC-RBR-A (the "*Adversary*"). Although this *Memorandum Decision* was subsequently vacated by the parties as a condition of settlement, the Bankruptcy Court purported to follow its holding as the law of the Debtors' cases. and, as such, the document itself and the subsequent orders entered in connection therewith are pertinent to the instant appeal.

4. Consequently, though referenced at length by both the parties and the Bankruptcy Court, the *Memorandum Decision* is not actually included in the record on appeal currently before this Court.

5. In addition, Welt has only recently received written confirmation from the United States Attorney's Office for this District that the investigation by that office into allegations of possible Medicare fraud in the Debtors' operations in South Florida prior to their petition dates has been concluded. Though that fact was referenced by Welt in his *Motion for Rehearing*, this is the first document that has come into his possession confirming this state of affairs.

6. Welt would, therefore, respectfully request this Court to supplement the record on appeal in the instant case to include the February 11, 1999 letter from Adrienne Rabinowitz of the United States Attorney's Office referenced in paragraph 5 above ("*Letter*"), and the following court papers from the *Adversary* set forth below:

| **Court Paper No.** | **Name of Pleading** |
|---|---|
| 13 | Memorandum Decision Granting Debtor's Motion Pursuant to 11U.S.C. § 105 and Fed.R.Bankr.P. 7065 for Temporary Restraining Order and/or Preliminary Injunction |
| 14 | Order Granting Motion for Temporary Restraining Order and Preliminary Injunction |
| 61 | Order Granting Motion to Vacate Memorandum Decision and Order Granting Motion for Temporary Restraining Order and Preliminary Injunction |
| 62 | Order Granting Motion for Approval of Settlement |

7. Copies of the *Letter*, the docket of the *Adversary*, and copies of the pleadings set forth in paragraph 6 above obtained from the Bankruptcy Court's file are attached hereto.

8. There will be no prejudice to Shalala if the Court grants Welt the relief requested herein, as the documents with which Welt seeks to supplement the record on appeal are part of the Court file or were generated by her counsel in connection with the Debtors' case.

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-3121

WHEREFORE, Kenneth A. Welt respectfully requests this Court for the entry of an Order granting the relief requested herein and for such other and further relief the Court deems just and appropriate under the circumstances.

Dated this 8 day of February, 2000.

**RICE & ROBINSON, P.A.**
Attorneys for Appellant
848 Brickell Avenue, Suite 1100
Miami, Florida 33131-2943
Telephone: (305) 379-3121
Facsimile: (305) 379-4119

By: ______________________
ARTHUR HALSEY RICE
Florida Bar No.: 224823
JAMES MATTHEW VAUGHN
Florida Bar No.: 151122

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing was served via U.S. Mail, postage prepaid, upon all parties set forth on the attached service list this 8 day of February, 2000.

______________________
JAMES MATTHEW VAUGHN

G:\1212\017-Shalala Adversary\Appeal\M Supplement Record.wpd

*Welt v. Shalala, et al.*

G:\1212\017-Shalala Adversary\Appeal\Service List.wpd

Thomas E. Scott, Esq., U.S. Attorney
Grisel Alonso, Esq., Asst U.S. Attorney
U.S. Department of Justice
99 NE 4th Street, Suite 310
Miami, FL 33132

Andrew Zaron, Esq.
Ruden, McCloskey, Smith, *et al.*
200 E. Broward Boulevard, #1900
Fort Lauderdale, Florida 33302

Greg Bongiovanni, Esquire
Bruce R. Granger
Department of Health and Human Servs
61 Forsyth Street, S.W., Suite 5M60
Atlanta, Georgia 30303-8909

Lance Baker, Esq.
Capital Healthcare Financing, a division of
Capital Factors, Inc.
120 East Palmetto Park Blvd., 5th Floor
Boca Raton, FL 33432

Kenneth A. Welt, Trustee
3790 N 28 Terrace
Hollywood, FL 33020



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9000*

February 11, 2000

Mr. Kenneth Welt
United States Trustee
Estate of Hospital Staffing Services
3790 N. 28th Terrace
Hollywood, Florida 33023

Dear Mr. Welt:

In response to your inquiry regarding the status of our investigation of Hospital Staffing Services, please be advised that we recently closed our investigation of this matter. Please let me know if I can be of any further assistance.

Sincerely,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: [signature]
ADRIENNE RABINOWITZ
ASSISTANT UNITED STATES ATTORNEY

Your selection--> 98-2151

Searching for case number 98-2151. Please stand by.

Would you like case information for 98-2151 (y/n)? y
Would you like party information for 98-2151 (y/n)? y
Would you like to see the docket entries (y/n)? y

Processing case summary for case 98-2151. Please stand by.

Southern District of Florida

Adversary Proceeding: 98-2151 Office: Broward
Title: Hospital Staffing Services of Tennessee, v. Donna Shalala
Judge: Raymond B. Ray
Filed: 05/06/98 Term: 06/18/98 Reopen: **/**/**
Reterm: **/**/** County:
Flags: CLOSED JNTADM

Disposition Method: Motion Before Trial
Status: 06/18/98 Awaiting Closing Order
Related to bankruptcy case 98-21899

Collecting party information. Please stand by.

Press <RETURN> to continue
Press <RETURN> for more, "h" for help:

| Party | Attorney |
| --- | --- |
| Hospital Staffing Services of Tennessee, Inc. [65-0194606] [pla] c/o Bart A Houston 316 NE 4 St Ft Lauderdale, FL 33301 Phone: (954) 779-3800 | Bart Alan Houston Esq 100 NE 3 Ave #850 Ft. Lauderdale, FL 33301 Phone: (954) 779-3800 |
| Wellmark, Inc. [def] | Information Unavailable |
| Health Care Financing Administration [def] | Information Unavailable |
| Donna Shalala [def] | Grisel Alonso Esq 99 NE 4 St #300 Miami, FL 33132 Phone: (305) 961-9310 |

Collecting schedule and deadline information. Please stand by.

Press <RETURN> to continue
--- Schedule and Deadline Information ---

01/05/99 at 01:30 pm Hearing(document) U.S. Courthouse Ft. Lauderdale FL
01/05/99 at 01:30 pm Hearing(document) U.S. Courthouse Ft. Lauderdale FL
01/05/99 at 09:30 am Pre-Trial Hearing U.S. Courthouse Ft. Lauderdale FL

---

01/14/99 66 Certificate Of Service By Bart Alan Houston for Interested Party Hospital Staffing Services, Inc., Plaintiff Hospital Staffing Services of Tennessee, Of [63-2] Order Continuing Hearing on Motion for Approval, Motion to Vacate Memorandum Decis. etc. (sh) [EOD 01/19/99]

01/13/99 65 Certificate Of Service By Bart Alan Houston for Interested Party Hospital Staffing Services, Inc., Plaintiff Hospital Staffing Services of Tennessee, Of [62-1] Order For Approval Of Settlement. (mc) [EOD 01/15/99]

01/13/99 64 Certificate Of Service By Bart Alan Houston for Interested Party Hospital Staffing Services, Inc., Plaintiff Hospital Staffing Services of Tennessee, Of [61-1] Order To Vacate Memorandum Decision. (mc) [EOD 01/15/99]

Press <RETURN> for more, "h" for help, "q" to quit:

01/06/99 63 Order ( 1/5/99), To Continue Hearing On:( [50-1] Motion for Approval of Settlement Re: [1-1] Complaint NOS 454 Recover Money/Property, [1-2] Complaint NOS 434 Injunctive Relief, [1-3] Complaint NOS 456 Declaratory Judgment by Donna Shalala, Hospital Staffing Services of Tennessee, Hearing reset to 1:30 1/5/99 at Room 308, Ft. Lauderdale, [57-1] Motion To Vacate [13-1] Memorandum Decision Order Granting the Motion for temporary restraining order by Hospital Staffing Services of Tennessee, Inc., and [14-1] Order granting the temporary restraining order and preliminary injunction by Hospital Staffing Services of Tennessee, Hearing reset to 1:30 1/5/99 at Room 308, Ft. Lauderdale ) (eod 1/8/99) (sh) [EOD 01/08/99]

01/05/99 62 Order ( 1/5/99) Granting [50-1] Motion for Approval of Settlement Re: [1-1] Complaint NOS 454 Recover Money/Property, [1-2] Complaint NOS 434 Injunctive Relief, [1-3] Complaint NOS 456 Declaratory Judgment by Donna Shalala, Hospital Staffing Services of Tennessee, (eod 1/7/99) (sh) [EOD 01/07/99]

01/05/99 61 Order ( 1/5/99) Granting [57-1] Motion To Vacate [13-1]

Press <RETURN> for more, "h" for help, "q" to quit:

Memorandum Decision Order Granting the Motion for temporary restraining order by Hospital Staffing Services of Tennessee, Inc., and [14-1] Order granting the temporary restraining order and preliminary injunction by Hospital Staffing Services of Tennessee, (eod 1/7/99) (sh) [EOD 01/07/99]

12/21/98 60 Certificate Of Service By Bart Alan Houston for Interested Party Hospital Staffing Services, Inc., Plaintiff Hospital Staffing Services of Tennessee, Of [54-1] Order shortening Time for Approval of Settlement and Setting Hearing. (vf) [EOD 12/22/98]

12/18/98 59 Notice of Hearing by Bart Alan Houston for Interested Party Hospital Staffing Services, Inc., Plaintiff Hospital Staffing Services of Tennessee, RE: [57-1] Motion To Vacate [13-1] Memorandum Decision Order Granting the Motion for temporary restraining order by Hospital Staffing Services of Tennessee, Inc., and [14-1] Order granting the temporary restraining order and preliminary injunction by Hospital Staffing Services of Tennessee, schd For 9:30 1/5/99 at Room 308, Ft. Lauderdale (vf) [EOD 12/21/98]

Press <RETURN> for more, "h" for help, "q" to quit:

12/18/98 58 Certificate Of Service By Bart Alan Houston for Interested Party Hospital Staffing Services, Inc., Plaintiff Hospital

Staffing Services of Tennessee, Of [52-1] Order Continuing Pretrial Conference and extending related deadlines. (vf) [EOD 12/21/98]

12/16/98 57 Motion By Plaintiff Hospital Staffing Services of Tennessee, To Vacate [13-1] Memorandum Decision Order Granting the Motion for temporary restraining order by Hospital Staffing Services of Tennessee, Inc., and [14-1] Order granting the temporary restraining order and preliminary injunction . (vf) [EOD 12/17/98]

12/17/98 56 Response By: Defendant Donna Shalala Re: [51-1] Motion For Order Shortening Time For Approval of Settlement By and Between Plaintiff/Debtor & Donna Shalala, as Secretary of the US Department of Health and Human Services by Hospital Staffing Services of Tennessee, (vf) [EOD 12/17/98]

12/16/98 55 Order ( 12/15/98) Granting [53-1] Motion To Extend Time To File Answer or other Responsive Pleading to First Amended
Press <RETURN> for more, "h" for help, "q" to quit:
Complaint by Donna Shalala. Extension is allowed to on or before 1/5/99. (Eod 12/16/98) (vf) [EOD 12/16/98]

12/16/98 54 Order ( 12/14/98) Shortening Time & Setting Hearing Re: [51-1] Ex Parte Motion For Order Shortening Time For Approval of Settlement By and Between Plaintiff/Debtor & Donna Shalala, as Secretary of the US Department of Health and Human Services by Hospital Staffing Services of Tennessee, schd For 9:30 12/22/98 at Room 308, Ft. Lauderdale . (Eod 12/16/98) (vf) [EOD 12/16/98]

12/14/98 53 Ex Parte Third Motion By Defendant Donna Shalala To Extend Time To File Answer or other Responsive Pleading to First Amended Complaint . (vf) [EOD 12/15/98]

12/14/98 52 Order ( 12/11/98) to Continue Pretrial Re: [1-3] Complaint NOS 456 Declaratory Judgment Pretrial Hearing scheduled for 9:30 1/5/99 at Room 308, Ft. Lauderdale, [1-2] Complaint NOS 434 Injunctive Relief Pretrial Hearing scheduled for 9:30 1/5/99 at Room 308, Ft. Lauderdale, [1-1] Complaint NOS 454 Recover Money/Property Pretrial Hearing scheduled for 9:30 1/5/99 at Room 308, Ft. Lauderdale . (Eod 12/14/98) (vf)
Press <RETURN> for more, "h" for help, "q" to quit:
[EOD 12/14/98]

12/08/98 51 Ex Parte Motion By Plaintiff Hospital Staffing Services of Tennessee, For Order Shortening Time For Approval of Settlement By and Between Plaintiff/Debtor & Donna Shalala, as Secretary of the US Department of Health and Human Services . (mc) [EOD 12/09/98]

12/03/98 50 Motion by Plaintiff Hospital Staffing Services of Tennessee,, Defendant Donna Shalala for Approval of Settlement Re: [1-1] Complaint NOS 454 Recover Money/Property, [1-2] Complaint NOS 434 Injunctive Relief, [1-3] Complaint NOS 456 Declaratory Judgment (jd) [EOD 12/04/98]

11/25/98 49 Certificate Of Service By Grisel Alonso for Defendant Donna Shalala Of [48-1] Agreed Order Granting defendants's second Ex-Parte Motion for extension of time to file answer . (vf) [EOD 11/30/98]

11/13/98 48 Agreed Order ( 11/13/98) Granting [47-1] Seond Ex-Parte Motion For Extension of Time To File Answer or Other
Press <RETURN> for more, "h" for help, "q" to quit:
Responsive Pleading to First Amended Complaint by Donna Shalala ; Answer due: 12/14/98 for Donna Shalala. (Eod 11/16/98) (vf) [EOD 11/16/98]

11/12/98 47 Second Ex Parte Motion By Defendant Donna Shalala For

Extension of Time To File Answer or Other Responsive
Pleading to First Amended Complaint . (mc) [EOD 11/13/98]

11/05/98 46    Certificate Of Service By Bart Alan Houston for Interested
               Party Hospital Staffing Services, Inc., Plaintiff Hospital
               Staffing Services of Tennessee, Of [45-1] Trial/Pretrial
               Order . (mc) [EOD 11/06/98]

10/30/98 45    Order ( 10/26/98) (Judge Schermen) Granting Ore Tenus
               Motion to Continue Pretrial and Related Deadlines, Re: [1-3]
               Complaint NOS 456 Declaratory Judgment Pretrial Hearing
               scheduled for 9:30 12/8/98 at Room 308, Ft. Lauderdale,
               [1-2] Complaint NOS 434 Injunctive Relief Pretrial Hearing
               scheduled for 9:30 12/8/98 at Room 308, Ft. Lauderdale,
               [1-1] Complaint NOS 454 Recover Money/Property Pretrial
               Hearing scheduled for 9:30 12/8/98 at Room 308, Ft.
               Lauderdale . Pretrial Order to be submitted by the parties
Press <RETURN> for more, "h" for help, "q" to quit:
               by 12/1/98 and all other related deadlines shall be
               concomitantly extended. (Eod 11/3/98) (vf) [EOD 11/03/98]

10/16/98 44    Certificate Of Service By Grisel Alonso for Defendant Donna
               Shalala Of [43-1] Order Granting defendant's Ex Parte Motion
               for extension of time to file answer or other responsive
               pleadings to first amended complaint . (vf) [EOD 10/16/98]

10/14/98 43    Order ( 10/14/98) Granting [42-1] Ex Parte Motion For
               Extension Time To file answer or other responsive pleading
               to First complaint by Donna Shalala. Extension allowed to on
               or before 11/12/98. (Eod 10/15/98) (vf) [EOD 10/15/98]

10/13/98 42    Ex Parte Motion By Defendant Donna Shalala For Extension
               Time To file answer or other responsive pleading to First
               amended complaint . (vf) [EOD 10/14/98]

09/22/98 41    Certificate Of Service By Bart Alan Houston for Interested
               Party Hospital Staffing Services, Inc., Plaintiff Hospital
               Staffing Services of Tennessee, Of [35-1] Motion For Leave
               to file First Amended [1-1] Complaint NOS 454 Recover
               Money/Property, [1-2] Complaint NOS 434 Injunctive Relief,
Press <RETURN> for more, "h" for help, "q" to quit:
               [1-3] Complaint NOS 456 Declaratory Judgment by Hospital
               Staffing Services of Tennessee, . (vf) [EOD 09/29/98]

09/18/98 40    Order ( 9/18/98) Granting [35-1] Motion For Leave to file
               First Amended [1-1] Complaint NOS 454 Recover
               Money/Property, [1-2] Complaint NOS 434 Injunctive Relief,
               [1-3] Complaint NOS 456 Declaratory Judgment by Hospital
               Staffing Services of Tennessee. (Eod 9/18/98) (vf) [EOD
               09/18/98]

09/02/98 39    Notice of Hearing by Bart Alan Houston for Interested Party
               Hospital Staffing Services, Inc., Plaintiff Hospital
               Staffing Services of Tennessee, RE: [35-1] Motion For Leave
               to file First Amended [1-1] Complaint NOS 454 Recover
               Money/Property, [1-2] Complaint NOS 434 Injunctive Relief,
               [1-3] Complaint NOS 456 Declaratory Judgment by Hospital
               Staffing Services of Tennessee, schd For 9:30 9/18/98 at
               Room 308, Ft. Lauderdale (vf) [EOD 09/03/98]

09/02/98 38    Notice of Filing Cancellation of Deposition pursuant to
               request of Defendant By Bart Alan Houston for Interested
               Party Hospital Staffing Services, Inc., Plaintiff Hospital
Press <RETURN> for more, "h" for help, "q" to quit:
               Staffing Services of Tennessee, Re: [30-1] Deposition Notice
               of Virginia Jordan as Medicare Audit and Reimbursement
               representative for Palmetto Government Benefits
               Administratos by Hospital Staffing Services of Tennessee,
               (shall be reset for a later date). (vf) [EOD 09/03/98]

09/01/98 37    Ex Parte Order ( 8/31/98) Granting [29-1] Second Motion For

Ex-Parte Order Extending Deadline for submission of pretrial Order and Related Deadlines by Hospital Staffing Services of Tennessee, ; Pre-Trial Order Due: 8/21/98 and all other deadlines shall be concomitantly extended. (Eod 9/1/98) (vf) [EOD 09/01/98]

08/27/98 36 Order ( 8/27/98) Denying [15-1] Motion To amend the court's finding of fact, to make additional findings of fact, and to amend Judgment without prejudice by Donna Shalala (EOD 8/28/98) (vf) [EOD 08/28/98]

08/26/98 35 Motion By Plaintiff Hospital Staffing Services of Tennessee, For Leave to file First Amended [1-1] Complaint NOS 454 Recover Money/Property, [1-2] Complaint NOS 434 Injunctive Relief, [1-3] Complaint NOS 456 Declaratory

Press <RETURN> for more, "h" for help, "q" to quit:

Judgment (vf) [EOD 08/28/98]

08/26/98 34 Ex-Parte Order ( 8/25/98) Granting [33-1] Third Motion To Extend Time To Deadline for Submission of Pretrial Order and Related Deadlines by Hospital Staffing Services of Tennessee. Extended to 8/28/98. (Eod 8/26/98) (vf) [EOD 08/26/98]

08/26/98 33 Third Motion for Ex-Parte Order By Plaintiff Hospital Staffing Services of Tennessee, To Extend Time To Deadline for Submission of Pretrial Order and Related Deadlines . (vf) [EOD 08/26/98]

08/25/98 32 Notice of Filing Cancellation of Deposition By Bart Alan Houston for Interested Party Hospital Staffing Services, Inc., Plaintiff Hospital Staffing Services of Tennessee, Re: [31-1] Deposition by Hospital Staffing Services of Tennessee, of Peggy Sharpe.( to be reset ) (sh) [EOD 08/26/98]

08/13/98 31 Notice By Plaintiff Hospital Staffing Services of Tennessee, To Take Deposition Of Peggy Sharpe (Provider

Press <RETURN> for more, "h" for help, "q" to quit:

Audit and Reimbursement, Station 27 Wellmark, Inc.) on 8/25/98 at 10:00. (vf) [EOD 08/18/98]

08/13/98 30 Notice By Plaintiff Hospital Staffing Services of Tennessee, To Take Deposition Of Virginia Jordan (Medicare Audit and Reimbursement, Palmetto Government Benefits Administrators) on 9/2/98 @ 10:00. (vf) [EOD 08/18/98]

08/14/98 29 Second Motion By Plaintiff Hospital Staffing Services of Tennessee, For Ex-Parte Order Extending Deadline for submission of pretrial Order and Related Deadlines . (vf) [EOD 08/18/98]

08/03/98 28 Certificate Of Service By Grisel Alonso for Defendant Donna Shalala Of [27-1] Order Granting Defendants Motion to Dismiss Defendants and to re-caption the adversary proceeding. (vf) [EOD 08/04/98]

07/30/98 27 Order ( 7/30/98) Granting [18-1] Motion To Dismiss Defendants and to Re-Caption the adversary proceeding by Wellmark, Inc., Health Care Financing Administration, Donna Shalala, and Ordered that the adversary proceeding is

Press <RETURN> for more, "h" for help, "q" to quit:

re-captioned as Hospital Staffing Services of Tennessee, Inc. v. Donna Shalala, as Secretary of the United States Department of Health and Human Services ***see CP#27*** (EOD 7/31/98) (lt) [EOD 07/31/98]

07/30/98 26 Agreed Order ( 7/29/98) Granting [24-1] Motion To Extend Deadline for submission of pretrial Order and related deadlines by Donna Shalala, Hospital Staffing Services of Tennessee and Extension Granted 8/14/98 (EOD 7/30/98) (lt)

[EOD 07/30/98]

07/28/98 25 Order (7/28/98) Setting Trial Hearing before visting Judge Barry Schermer Re: [1-1] Complaint NOS 454 Recover Money/Property Trial scheduled for the week of10/5/98 at Room 1409, Miami, [1-2] Complaint NOS 434 Injunctive Relief scheduled for the week of 10/5/98 at Room 1409, Miami, [1-3] Complaint NOS 456 Declaratory Judgment Trial scheduled for the week of 10/5/98 at Room 1409, Miami . All discovery shall be terminated as of 9/11/98, (eod 7/28/98) (vf) [EOD 07/28/98]

07/24/98 24 Joint Motion By Plaintiff Hospital Staffing Services of
Press <RETURN> for more, "h" for help, "q" to quit:
Tennessee, and Defendant Donna Shalala for an Ex Parte Order To Extend Deadline for submission of pretrial Order and related deadlines . (vf) [EOD 07/28/98]

07/23/98 23 Re-Notice of Hearing by Grisel Alonso for Defendant Donna Shalala Re: [18-1] Motion To Dismiss Defendants and to Re-Caption the adversary proceeding by Wellmark, Inc., Health Care Financing Administration, Donna Shalala rescheduled For 1:30 7/30/98 at Room 308, Ft. Lauderdale . (sh) [EOD 07/24/98]

06/26/98 22 Joinder by: Interested Party Creditors Committee in re: Response [21-1] to defendants's Motion to amend the court's findings of fact, to make additional findings of fact and to amend Judgment by Plaintiff Hospital Staffing Services of Tennessee, (vf) [EOD 06/30/98]

06/26/98 21 Response By: Plaintiff Hospital Staffing Services of Tennessee, Re: [15-1] Motion To amend the court's finding of fact, to make additional findings of fact, and to amend Judgment by Donna Shalala (sh) [EOD 06/29/98]

Press <RETURN> for more, "h" for help, "q" to quit:
06/26/98 21 Request/Motion by Plaintiff Hospital Staffing Services of Tennessee, for Supplemental Relief in Conformance with Injunction Order (sh) [EOD 06/29/98]

06/17/98 20 Notice of Hearing by Grisel Alonso for Defendant Donna Shalala RE: [18-1] Motion To Dismiss Defendants and to Re-Caption the adversary proceeding by Wellmark, Inc., Health Care Financing Administration, Donna Shalala schd For 9:30 7/14/98 at Room 308, Ft. Lauderdale (vf) [EOD 06/18/98]

06/18/98 -- Disposition of Adversary (98-2151) Granting [1-3] Complaint NOS 456 Declaratory Judgment, Granting [1-2] Complaint NOS 434 Injunctive Relief, Granting [1-1] Complaint NOS 454 Recover Money/Property (vf) [EOD 06/18/98]

06/18/98 -- Adversary Case (98-2151) Closed. (98-21899) (vf) [EOD 06/18/98]

06/11/98 19 Brief/Memorandum By Defendant Donna Shalala, Defendant Health Care Financing Administration, Defendant Wellmark, Inc. [15-1] Motion To amend the court's finding of fact, to make additional findings of fact, and to amend Judgment by
Press <RETURN> for more, "h" for help, "q" to quit:
Donna Shalala . (vf) [EOD 06/11/98]

06/10/98 18 Motion by Defendant Donna Shalala, Defendant Health Care Financing Administration, Defendant Wellmark, Inc. To Dismiss Defendants and to Re-Caption the adversary proceeding (vf) [EOD 06/11/98]

06/10/98 17 Answer To Complaint by Defendant Wellmark, Inc., Defendant Health Care Financing Administration, Defendant Donna Shalala . (vf) [EOD 06/11/98]

06/03/98 16 Notice of Hearing by Grisel Alonso for Defendant Donna Shalala RE: [15-1] Motion To amend the court's finding of fact, to make additional findings of fact, and to amend Judgment by Donna Shalala schd For 1:30 6/30/98 at Room 308, Ft. Lauderdale (sh) [EOD 06/04/98]

05/26/98 15 Motion by Defendant Donna Shalala To amend the court's finding of fact, to make additional findings of fact, and to amend Judgment (vf) [EOD 06/01/98]

05/15/98 14 Order ( 5/15/98) Granting [4-1] Motion Temporary
Press <RETURN> for more, "h" for help, "q" to quit:
Restraining Order by Hospital Staffing Services of Tennessee, Granting [4-2] Motion For Preliminary Injunction by Hospital Staffing Services of Tennessee. eod 5/18/98 (sh) [EOD 05/18/98]

05/15/98 13 Memorandum Decision (5/15/98) Granting Re: [4-1] Motion Temporary Restraining Order by Hospital Staffing Services of Tennessee, [4-2] Motion For Preliminary Injunction by Hospital Staffing Services of Tennessee,/ with instruction eod 5/15/98 (sh) [EOD 05/15/98]

05/15/98 12 Transcript of Hearing 5/12/98 on Motion for Temporary Restraining Order and/or Preliminary Injunction. (sh) [EOD 05/15/98]

05/12/98 11 AMENDED Certificate Of Service By Bart Alan Houston for Interested Party Hospital Staffing Services, Inc., Plaintiff Hospital Staffing Services of Tennessee, Of [4-1] Motion Temporary Restraining Order by Hospital Staffing Services of Tennessee, [4-2] Motion For Preliminary Injunction by Hospital Staffing Services of Tennessee, . (sh) [EOD 05/13/98]
Press <RETURN> for more, "h" for help, "q" to quit:

05/12/98 10 Joinder by: Interested Party Hospital Staffing Services, Inc. in re: Motion Temporary Restraining Order [4-1] by Plaintiff Hospital Staffing Services of Tennessee,, Motion For Preliminary Injunction [4-2] by Plaintiff Hospital Staffing Services of Tennessee, (sh) [EOD 05/13/98]

05/12/98 9 Supplemental Ex "A" By: Plaintiff Hospital Staffing Services of Tennessee, To [1-1] Complaint NOS 454 Recover Money/Property, [1-2] Complaint NOS 434 Injunctive Relief, [1-3] Complaint NOS 456 Declaratory Judgment (sh) [EOD 05/13/98]

05/12/98 8 Supplemental Ex "A" By: Plaintiff Hospital Staffing Services of Tennessee, To [4-1] Motion Temporary Restraining Order by Hospital Staffing Services of Tennessee, [4-2] Motion For Preliminary Injunction by Hospital Staffing Services of Tennessee. (sh) [EOD 05/13/98]

05/12/98 7 Brief/Memorandum By Defendant Donna Shalala In Opposition [4-1] Motion Temporary Restraining Order by Hospital Staffing Services of Tennessee, [4-2] Motion For Preliminary
Press <RETURN> for more, "h" for help, "q" to quit:
Injunction by Hospital Staffing Services of Tennessee, . (sh) [EOD 05/12/98]

05/07/98 6 Summons Served 5/7/98 on Wellmark, Inc., Health Care Financing Administration, Donna Shalala. (sh) [EOD 05/11/98]

05/07/98 5 Notice of Hearing by Bart Alan Houston for Plaintiff Hospital Staffing Services of Tennessee, RE: [4-1] Motion for Temporary Restraining Order by Hospital Staffing Services Tennessee, schd For 1:30 5/12/98 at Room 308, Ft. Lauderdale, [4-2] Motion For Preliminary Injunction by Hospital Staffing Services of Tennessee, schd For 1:30 5/12/98 at Room 308, Ft. Lauderdale (sh) [EOD 05/11/98]

05/06/98  4    Motion By Plaintiff Hospital Staffing Services of
               Tennessee, Temporary Restraining Order , and/or For
               Preliminary Injunction Emergency Hearing Requested. (sh)
               [EOD 05/11/98]

05/06/98  3    Order( 5/6/98) Setting Filing and Disclosure Requirements
               for Pretrial and Trial. Initial Disclosures of Witnesses and
               documents shall be made at least 30 days before the Pretrial
               date. Last day for filing is: 6/14/98. eod 5/7/98 (sh) [EOD
               05/07/98]

05/06/98  2    Summons Issued on Donna Shalala in 98-02151, Health Care
               Financing Administration in 98-02151, Wellmark, Inc. in
               98-02151 Answer due 6/1/98 for Wellmark, Inc., for Health
               Care Financing Administration, 6/11/98 for Donna Shalala ;
               Pretrial Hearing scheduled for 9:30 7/14/98 at Room 308, Ft.
               Lauderdale ;Trial Hearing date to be set. (sh) [EOD
               05/07/98]

05/06/98  1    Complaint (98-2151) Hospital Staffing Services of
               Tennessee, vs. Donna Shalala . NOS 454 Recover
               Money/Property , NOS 434 Injunctive Relief , NOS 456
               Declaratory Judgment $150.00 fee pd.#317688 (sh) [EOD
               05/07/98]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

HOSPITAL STAFFING SERVICES OF TENNESSEE, INC., FEI # 65-0194606,

Debtor.

Case No. 98-21899-BKC-RBR
Chapter 11

HOSPITAL STAFFING SERVICES OF TENNESSEE, INC.,

Plaintiff,

vs.

DONNA SHALALA, as Secretary of the United States Department of Health and Human Services; HEALTH CARE FINANCING ADMINISTRATION; and WELLMARK, INC.

Defendants.

Adv. Case No. 98-2151-BKC-RBR-A

**MEMORANDUM DECISION GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. SECT. 105 AND FED.R.BANKR.P.7065 FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

**THIS MATTER** came before the Court on May 12, 1998 at 1:30 p.m. upon the emergency hearing on the Motion Pursuant to 11 U.S.C. §105 and Fed.R.Bankr.P. 7065 for Temporary Restraining Order and/or Preliminary Injunction (the "Injunction Motion") filed by the Plaintiff, Hospital Staffing Services of Tennessee, Inc. ("HSS Tennessee" or "Plaintiff") and the Defendants' Memorandum in Opposition to Plaintiff's Motion Pursuant to 11 U.S.C. §105 and Fed.R.Bankr.P. 7065 for Temporary Restraining Order and/or

13

Preliminary Injunction (the "Government's Response").

In support of the Injunction Motion, HSS Tennessee presented the live testimony of Alfred Criscuolo as a member of the Debtor's Operating Committee and Ronald Lusk as President and Chairman of the Board of Directors. The Defendants presented the live testimony of Peggy Sharpe, as a representative of Wellmark, Inc. ("Wellmark"), the financial intermediary appointed by the Health Care Financing Administration ("HCFA") as the financial arm of the Department of Health and Human Services ("HHS"). Further, the parties jointly proffered into evidence and as part of the record of the proceeding the Exhibits "A" through "L" attached to the Government's Response. Finally, the parties did not dispute the facts as recited in the Injunction Motion, with the exception of those items actually presented into evidence at the hearing.

The Court has considered the demeanor and credibility of the witnesses, has reviewed the documents placed into evidence, has considered arguments of counsel and has reviewed the pertinent case law controlling on the issues presented in this proceeding, and based upon the evidence and the controlling law, makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

### A. Background

The Plaintiff is a health care provider which receives reimbursement for home health services provided to Medicare

beneficiaries under provider numbers 44-7092 and 44-7524 solely and exclusively in the states of Tennessee and Mississippi (the "Mid South Region"). The Plaintiff has never operated or conducted any business in the state of California.

Prior to the Petition Date, the Plaintiff entered into a Health Insurance Benefits Agreement ("Provider Agreement") with HHS pursuant to 42 U.S.C. §1395. The Provider Agreement provides for reimbursement by HCFA for services rendered on the basis of costs which are defined in the Federal Regulations. *42 C.F.R. §413.1 et seq.* The determination as to the reasonable costs and reimbursements to the Plaintiff are currently performed by Wellmark as the fiscal intermediary. Wellmark also acts as the funding and disbursing agent of HCFA for cost reimbursement to the Plaintiff.

On March 18, 1998, HSS of California, Inc. ("HSS California") filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code in the Southern District of Florida. HSS California is a business entity which prior to August 1994 acted as a health care provider for Medicare beneficiaries in the State of California. HSS California formerly received reimbursement for home health services provided to Medicare beneficiaries under Provider Numbers ("PN") 05-7295, 05-7615, 05-7115, and 55-7039. HSS California has operated solely and exclusively in the state of California, and specifically in the southern and western regions of California. HSS California has never provided health care services in the Mid-

South Region. In August 1994, HSS California shut down its operations and filed terminating cost reports pursuant to applicable regulations concerning cessation of provider operations. Subsequent to August 1994, HSS California discontinued revenue producing operations.

From April 1993 and continuing up through February 1997, HSS California received Notices of Program Reimbursements ("NPR's") from the Medicare Program relating to the California Providers for fiscal years 1987, 1990, 1992, 1993 and 1994 operated by HSS California. The NPR's asserted that the California Providers had received overpayment from the Medicare program in the principal amount of $2,302,358.20. Pursuant to the NPR's, the Secretary has sought repayment of the alleged overpayments plus interest.

Commencing in April 1997, HCFA began seeking program reimbursement payments of the overpayment to the HSS California from the Plaintiff. **(Tr. 35, ln. 4-12).** From April 1997 through July 1997, HCFA had successfully procured over one million dollars from the Plaintiff's home health care operations in the Mid South Region (PN #44-7092 & 44-7524). On or about May 6, 1998, HCFA forwarded a written directive to Wellmark to re-allocate the funds which were withheld from the Plaintiff on account of HSS California. ***(Government's Response, Exhibit G; Tr. 43, ln. 12-22).*** The re-allocation reversed the improper withhold of funds in the amount of $1,100,800.00 on account of HSS California and applied it

to an alleged overpayment for the Fiscal Year Ended (FYE) 1995. **(Tr. 37, ln.14-17)**. At the time that the funds were withheld from HSS Tennessee for the benefit of HSS California, there were no overpayment assessments or withholds in effect on account of overpayments to HSS Tennessee. **(Tr. 39, ln.5; Tr.44, ln.6-18).**

The testimony indicated that HCFA directed the re-allocation, one full year after it was taken from the Plaintiff because of some recent concerns about legal issues. ***(Government's Response,* Exhibit G; Tr. 45, ln.6-19)**. The directive to re-allocate the withheld funds was commemorated on the very same day as the filing of the Injunction Motion and the Adversary Complaint. ***(Government's Response,* Exhibit G)**. The amount withheld from the Plaintiff on account of HSS California was in the total amount of $1,101,373.60 ***(Government's Response,* Exhibit G; Tr. 36, ln.21-23)**, and this amount was subsequently transferred to the Debtor's account with HSS, postpetition.

Prior to the Petition Date, the Plaintiff was receiving reimbursements from HCFA and Wellmark on a "periodic interim payment" ("PIP") basis. The PIP methodology provided reimbursement to the Plaintiff for the estimated value of services rendered during prior cost reporting periods and were made to the Plaintiff every two weeks. (Tr.19, ln.6). Furthermore, prior to the Petition Date, the Debtor was operating under an extended repayment plan ("ERP") which is commonly allowed in the context of an alleged

overpayment by a provider. The ERP allows a provider to repay the overpayments over an extended period to HCFA which may have been received for a prior cost reporting period.

**B. Testimony**

Ms. Sharp testified that HCFA and Wellmark changed the methodology of payment to the Plaintiff from a PIP procedure to a "fee for services" methodology. **(Tr.19, ln.18-25).** The effect of the fee for services would extend the payment cycle from a bi-weekly period to essentially a 45-60 day cycle. **(Tr. 20, ln.13).** Further, the implementation of the decision to change the Plaintiff's methodology of payment was approximately coincident with the filing of the Voluntary Petition in March 1998. Ms. Sharpe also testified that the ERP was revoked by HCFA and that the Plaintiff was placed on a 100% withhold because the Debtor had remitted two checks that were returned for non-payment **(*Government's Response,* Exhibit K; Tr.62, ln. 3-6).** Ms. Sharpe denied that the ERP was revoked because of the bankruptcy filing. However, a review of Exhibit "K" to the Government's Response clearly indicates that although the Government was notified that Check No.126 on the account of Bobby L. Shields Trust Account in the amount of $5,000.00 was returned for insufficient funds, such notification was not provided to the Plaintiff until April 9, 1998, which was two months after the return of the check and several weeks after the bankruptcy filing.

Ms. Sharp could not explain the time delay between receipt of information as to the returned check and the letter implementing and communicating the 100% withhold against the plaintiff. **(Tr. 63, ln. 14-25; Tr. 64, ln.1-4).** As indicated by the April 9, 1998 letter, Wellmark notified the Plaintiff that the Plaintiff would be placed on a 100% withholding of current periodic interim payments. The withhold was implemented ostensibly on account of the bad checks after the Petition Date, with the full knowledge by Wellmark that the Plaintiff had filed a bankruptcy petition. **(Tr. 64, ln. 5-25; Tr. 65, ln.1).**

Ms. Sharpe also testified that the Plaintiff was placed on a 100% withhold due to untimely filing of interim cost reports. However, Ms. Sharpe acknowledged that HCFA had granted an extension of time to Plaintiff for the filing of the final cost reports due to the filing of the bankruptcy case and upon the request of the Plaintiff. This extension is through June 30, 1998. **(Tr.65, ln.15-25).**

On direct examination, Mr. Criscuolo testified that since the Petition Date, HCFA and Wellmark have also put the Plaintiff on a 100% withhold on account of alleged pre-petition overpayments. **(Tr. 21, ln. 6-7).** His testimony indicated that HCFA had withheld $918,247.00 since the Petition Date, all on account of pre-petition overpayment obligations. **(Tr. 21, ln. 11).** When asked on cross-examination, Ms. Sharpe confirmed that number sounded reasonably

accurate (Tr.55, ln.12-15).

The testimony of Mr. Criscuolo also established that the Plaintiff and its affiliates employed in excess of 900 people, working in various levels of service, including care giving personnel, field support and administrative staff. (Tr. 21, ln. 22). Furthermore, the Plaintiff treated in excess of 900 patients in the Mid South Region. (Tr. 22, ln. 3). Mr. Criscuolo further testified that the Plaintiff was experiencing a cash crisis due to the 100% withhold implemented by HCFA and Wellmark and that the Plaintiff was at a "standstill from a cash flow standpoint" (Tr. 21, ln. 21-23).

Mr. Lusk further echoed the crucial need for the return of the funds that have been withheld since the Petition Date and the need to obtain a cessation of future withholds pending the reorganization process. Mr. Lusk testified that substantially all of the Plaintiff's operating revenue was derived from the Medicare reimbursements and only a *de minimis* amount was derived from other sources. (Tr. 30, ln. 6-18). Mr. Lusk further testified that the Plaintiff would be forced to discontinue service by Friday, May 15, 1998 in the event that Plaintiff was not able to access the cash withheld since the Petition Date and rely upon a cessation of future withholds pending the reorganization process.(Tr. 31, ln. 10-16). Finally, Mr. Lusk detailed the efforts that have been made by Plaintiff, its parent and its affiliates to reach a global

resolution with HCFA and Wellmark in connection with the withholds and the total lack of success due to the asserted inflexibility of HCFA. (Tr. 25-29).

C. **Analysis**

From the creditable evidence submitted by the parties, the Court finds that the following fact situation exists:

HSS Tennessee and HSS California are each separate and distinct corporations. Prepetition, HCFA transferred $1,101373.60 of payments due the HSS Tennessee to HSS California to repay overpayments made to the HSS California entity, a separate subsidiary of a common parent. After the filing of the Chapter 11 petition, HCFA quickly reversed the position and transferred the funds back to the account of this HSS Tennessee. Curiously, these funds seem to disappear and HCFA offered no credible evidence of the existence of other overpayments due HCFA from the Tennessee Debtor. In fact, the witness offered by HCFA clearly testified that the total amount due HCFA from HSS Tennessee for overpayments was $2,300,000.00. HCFA's witness testified that $1,640,000.00 was recouped prepetition and postpetition. Although the HCFA witness could not identify the amount of postpetition recoupment, she could not refute the testimony of the Debtor which claimed $918,247.00 in postpetition recoupment.

By adding the prepetition and postpetition recoupment of $1,640,000.00 from the Debtor and the postpetition credit from the

HSS California Debtor of $1,101.373.60, HCFA has recouped $2,741,373.60. The witness for HCFA testified that from her records the total amount of overpayments was $2,300,000.00. Therefore, from the government's witnesses there is a clear overpayment during the pre- and post-petition period of $441,373.00. Accordingly, based upon the evidence before the Court, the government is no longer entitled to future recoupments in that the known overpayment by HCFA to HSS Tennessee has been fully recovered[1]. The Debtor is entitled to an immediate refund from HCFA of $441,373.00.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction

The Bankruptcy Court has jurisdiction over the issues raised in the Injunction Motion and actually evidenced and tried at the hearing. Title 28 U.S.C. §1334 clearly provides jurisdiction to the district court, as delegated to the bankruptcy courts, to determine disputes "of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11". *28 U.S.C. §1334(b)*. Clearly, 42 U.S.C. §405(h) does not by its literal language preclude or deprive the bankruptcy court of its jurisdiction pursuant to 28 U.S.C. §1334. *First American Health*

[1] The determination herein, based on the evidence before the Court, is made without prejudice to the Government's right to seek appropriate lawful recoupment, upon the showing of overpayments to the Debtor entity, which will be further examined by this Court should the Government move for such relief and adjustments.

*Care of Georgia vs. United States Dept. of Health and Human Services (In the matter of First American Health Care of Georgia, Inc.)* 208 B.R. 985, 988 (Bankr.S.D. Ga. 1996). See also, *In re Shelby County Health Care Services of Alabama, Inc.*, 80 B.R. 555, 560 (Bankr.N.D. Ga. 1987); *In re Town and Country Home Nursing Services, Inc.*, 963 F.2d 1146, 1155 (9th Cir. 1992) (Section 1334 is a broad jurisdictional grant over matters that have an effect on the estate and that "allows a single court to preside over all of the affairs of the estate, which promotes a 'congressionally endorsed objective: the efficient and expeditious resolution of all matters connected to the bankruptcy estate'").

Clearly, the language of §405(h) omits any reference to the preclusion of Medicare claim jurisdiction from cases arising under 28 U.S.C. §1334. *First American Health Care of Georgia, Inc.*, 208 B.R. at 989. Finally the Eleventh Circuit has also ruled in this regard, relying on the All Writs Statute, 28 U.S.C. §1651, and found in a non-bankruptcy context that the district court had jurisdiction to issue a *status quo* injunction pending resolution of Medicare reimbursement disputes in certain circumstances. *V.N.A. of Greater Tift County, Inc. vs. Heckler*, 711 F.2d 1020, 1031-33 (11th Cir. 1983).

**B. Applicability of the Automatic Stay**

Section 362 of the Bankruptcy Code provides that the filing of a voluntary petition for bankruptcy protection operates as an

automatic stay of judicial or administrative actions or proceedings by any entity against the debtor, which actions or proceedings could have been commenced before the filing or which actions or proceedings are to recover a claim against the debtor which arose before the filing of the petition. It stops all collection efforts, all harassment and all foreclosure action. *University Medical Center vs. Sullivan*, 973 F.2d 1065, 1073 (3rd Cir. 1992). "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws". *British Aviation Insurance Company Ltd. vs. Menut*, 873 F.2d 264 n.*8* (11th Cir. 1989) (citing *H.Rep.* No.95-595, 95th Cong., 2nd Sess. 340, reprinted in 1978 U.S. Code, Cong. and Admin. News 5787, at 6296; *S.Rep.* No.95-989, 95th Cong., 2nd Sess. 54, reprinted in 1978 U.S. Code, Cong. and Admin. News at 5840). Further, the Bankruptcy Code and interpretive case law makes it clear that the Federal Government, acting as a creditor in its pecuniary interests, is subject to the dictates and limitations of the automatic stay provision. By its terms, 11 U.S.C. §362(a) applies to "all entities". The Bankruptcy Code further defines the term "entity" as including governmental units. *11 U.S.C. §101(14); University Medical Center* 973 F.2 at 1074. In fact, as pointed out in the University Medical Center case, Congress specifically created an exception to the automatic stay provisions to allow for certain governmental actions related to "enforcement of police or regulatory power". *11 U.S.C. §362(b).*

Clearly, the Defendants were not acting in a role of *enforcement of police or regulatory powers,* rather they were seeking recovery of funds and the enforcement of contractual rights as a creditor. Accordingly, the Court concludes that §362(a) is applicable to all Defendants. See: *Corporacion de Servicios Medicos Hospitalarios,* 805 F.2d 440, 445 (1st Cir. 1986); *In re Commonwealth Cos.,* 913 F.2d 518, 524 (8th Cir.1990); *University Medical Center,* 973 F.2d at 1075; *Penn Tera, Ltd. vs. Dep't. of Envtl. Resources,* 733 F.2d 267, 271 (3rd Cir. 1984); *Javens vs. City of Hazel Park,* 107 F.3d 359 (6th Cir.1997).

The federal government has waived sovereign immunity pursuant to the congressionally enacted provision of 11 U.S.C. §106(a)(1) for violations of this type. See also, *Jove Engineering, Inc. vs. Internal Revenue Service,* 92 F.3d 1539 (11th Cir.1996). Pursuant to 11 U.S.C. §105, the bankruptcy court may order "necessary or appropriate" monetary relief against a governmental entity in favor of an aggrieved corporate debtor. *Jove Engineering* at 92 F.3d at 1554. Clearly, the Defendants have apparently ignored the protective provisions of 11 U.S.C. §362 and violated that section by (i) terminating the ERP post petition; (ii) altering the payment scheme from PIP payments to a "pay for services" methodology which extended the reimbursement cycle from bi-weekly to 60-75 days from billing; (iii) notifying and placing the Plaintiff on a 100% withhold of all Medicare reimbursement revenue, and (iv) actually

withholding $918,247.00 which was due to the Plaintiff on or after the Petition Date on account of alleged pre-petition overpayments.

C. Equitable Doctrine of Recoupment

The Court rejects the position of the Defendants that the post-petition withhold of the Plaintiff's reimbursement revenue is in the nature of recoupment, based upon the reasoning fully and clearly articulated in *University Medical Center* and *First American Health Care of Georgia*. Both of these opinions, as well as others, stand for the proposition that the standard health care provider agreement is comprised of a series of transactions which are performed on both sides on a discreetly annualized basis. That is, each fiscal year is separate and stands on its own as it relates to reimbursement obligations from HHS to the provider and potential overpayment obligations due from the provider back to HCFA. Accordingly, the health provider agreement does not constitute a "single transaction" which would allow for the application of the equitable doctrine of recoupment. *University Medical Center*, 973 F.2d at 1079-1081; *First American Healthcare of Georgia, Inc. vs. United States Department of Health and Human Services*, 208 B.R. at 989-990. See also, *Medicar Ambulance Company, Inc. vs. Shalala (In re Medicar Ambulance Company, Inc.)*, 166 B.R. 918 n.6 (Bankr.N.D.Cal.1994) (equitable doctrine of recoupment does not apply to Medicare reimbursement scheme). *In re Memorial Hospital of Iowa County, Inc.*, 82 B.R. 478 (W.D. Wisconsin 1988) (Recoupment

not available to HCFA absent affirmative assumption of the Provider Agreement by the Debtor; also holding that 11 U.S.C. §362 expressly applies to governmental units and determining that Medicare regulations are not exempt from the reach of the automatic stay).

D. Pleadings to Conform to the Evidence Presented by the Litigants

At the evidentiary hearing during closing arguments, the Defendants raised an issue relating to the actual relief requested by the Injunction Motion. That is, Defendants argued that the Injunction Motion merely sought relief as to future withhold from the Plaintiff on account of the HSS California overpayments. However, to the extent that the scope of the evidence and the hearing extended beyond the pleadings, the Court shall allow the pleadings to conform to the evidence presented by all parties. That is, the actual issues tried by all parties, including the Government, related to not only the withholds against the Plaintiff on account of the HSS California providers, but also extended and exhaustively delved into HCFA's withholding of funds from the Plaintiff on account of alleged overpayments made to the Plaintiff itself. In fact, the Defendants affirmatively presented testimony of Ms. Sharpe who is the audit manager in charge of reimbursement and overpayments of Wellmark, the current financial intermediary for the Plaintiff. Ms. Sharpe was unable to testify in much detail as to the original issues involving the withholds of funds for the

California Provider and testified predominantly in regard to the withholds for the Plaintiff providers on account of alleged overpayments on account of the Plaintiff providers. Accordingly, the Defendants consented to the trial and ultimate determination of all issues involving all current withholds, including those on account of the Tennessee Providers. *Fed.R.Bankr.P. 7015* (incorporating Fed.R.Civ.P. 15); See also, *Ellis vs. Arkansas Louisiana Gas Co.*, 609 F.2d 436 (10th Cir. 1979); *Decker vs. Korth*, 219 F.2d 732, 739 (10th Cir.). "One sign of implied consent is that issues not raised by the pleadings are presented and argued without proper objection by opposing counsel". See, *Apple Barrel Productions, Inc. vs. Beard*, 730 F.2d 384, 389 (10th Cir. 1984); *Leatherman vs. Gateway Transportation Co.*, 331 F.2d 241, 246 (7th Cir.1964); *Gallegos vs. Stokes*, 593 F.2d 372 (10th Cir.1979); Also see, *United States Fidelity and Guarantee Co. vs. United States*, 389 F.2d 697, 698-99 (10th Cir. 1968) ("Where no objection is made to evidence on the ground it is outside the issues of the case, the issue raised is nevertheless before the trial court for determination, and the pleadings should be regarded as amended in order to conform to the proof"). Implied consent may also be found if the opposing party itself presents evidence on the matter. *Hardin vs. Manitowoc-Forsythe Corp.*, 691 F.2d 449-456 (10th Cir.1982); *6 C. Wright and A. Miller, Federal Practice and Procedure*, Section 1493 at 463-65. Finally, it was the Defendants

who caused the evidence to lead into the actual Tennessee withholds as a result of the last minute re-allocation of the funds originally taken on account of the California providers.

E. Temporary Injunction

The elements which are required to be proven by a movant for the issuance of a temporary restraining order are as follows:

1. A showing of the movant's substantial likelihood of success on the merits;

2. A showing that the movant will suffer irreparable harm without the relief sought;

3. Proof that the threatened injury outweighs any harm which might result to the defendant; and

4. A showing that the public interest will not be disserved by granting the relief sought.

*Snook vs. Trust Company of Georgia Bank of Savannah*, 909 F.2d 480, 483 (11th Cir. 1990).

The Plaintiff has shown a substantial likelihood of success on the merits. Specifically, the reimbursement payments which have been withheld subsequent to the Petition Date constitute property of the estate which the Plaintiff is entitled to use absent contrary court order. Furthermore, the Court's analysis indicates that the withholding of the funds on a postpetition basis constitutes a violation of the automatic stay provisions of §362 and accordingly, such actions may be void. *Borg-Warner Acceptance*

*Corp. vs. Hall*, 685 F.2d 1306 (11th Cir. 1982). Accordingly, the Plaintiff's success on the merits is highly likely.

The evidence presented by the Plaintiff has proven that irreparable harm will certainly result in the event the Debtor is not able to obtain access to the funds which were withheld post petition and/or rely upon future revenues from post petition services. Without the regular stream of payments, the Plaintiff cannot meet its basic overhead obligations, administrative expense obligations, payroll and/or other common expenses necessary for the Debtor to exist in the Chapter 11 bankruptcy. The cessation of business by the Debtor will result in a loss of its 1,000+ employees and may endanger the current patient population being served in the Mid South Region.

Certainly, the threatened injury to the Plaintiff and its affiliates far outweighs any harm that may result to the Defendants in the event that the Court enters the injunction. The Court has previously analyzed and discussed the certainty of imminent shutdown of the Plaintiff in the event the funds are not restored and as testified by Mr. Lusk, the restoration of the funds will enable the Plaintiff to sustain its operations in sufficient manner as to enhance the ability to repay HCFA for any ultimately determined overpayments. Certainly, the balance of the harm weighs in favor of the Plaintiff.

Finally, the public interest will be served by the entry of

the injunction. The Plaintiff's primary concern for the cessation of operations is the health and welfare of the patients in the Mid South Region who are tended to on a daily basis. Clearly, even the potential of a short hiatus in treatment of some patients could result in harm to the individuals most directly affected.

III. **CONCLUSION**

Based upon the findings of fact and the applicable law, the Court determines that the actions of the Defendants are in violation of the automatic stay provisions of the Bankruptcy Code. The particular facts of this case are distinguishable from the recoupment procedure relied upon by the government to support its position. The taking of funds from the Debtor entity to correct the government's unrelated overpayments to a separate entity is not disputed by the government, it has simply not been shown to be justified under the law. The amount is not disputed, nor is the act of using the Debtor's source of funds as the pool from which to "recoup" the mistaken adjustment by the government.

Accordingly, Defendants shall be required to return the funds which were withheld from the Plaintiff, as set forth heretofore. Further, the Debtor is entitled to a Preliminary Injunction enjoining each of the Defendants from interfering, off-setting or otherwise withholding the Plaintiff's postpetition reimbursement revenue or other property of the estate on account of prepetition claims for overpayments pending further order of the Court.

In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** that:

(1) The Defendants shall remit instanter, by wire transfer, to HSS Tennessee the sum of $441,373.00;

(2) The Defendants shall transmit all future payments and reimbursements as and when due in accordance with the procedures in place prior to the suspension of payments; and

(3) The Defendants are temporarily restrained and enjoined from withholding future payments or claiming recoupment thereon pending further order of this Court.

DONE AND ORDERED in Chambers in Fort Lauderdale, Florida, this 15 day of May, 1998.

Raymond B. Ray, Judge
United States Bankruptcy Court

Copies furnished to:

Bart A. Houston, Esq.
Grisel Alonso, Esq.
Steven Turner, Esq.
Interested Parties/ Appearances

(Mr. Houston is hereby directed to mail a conformed copy, immediately upon receipt, to all parties of interest and file a Certificate of mailing of same)

5/15/98

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

In re:

HOSPITAL STAFFING SERVICES OF TENNESSEE, INC., FEI # 65-0194606,

Debtor.

Case No. 98-21899-BKC-RBR
Chapter 11

HOSPITAL STAFFING SERVICES OF TENNESSEE, INC.,

Plaintiff,

vs.

DONNA SHALALA, as Secretary of the United States Department of Health and Human Services; HEALTH CARE FINANCING ADMINISTRATION; and WELLMARK, INC.

Defendants.

Adv. Case No. 98-2151-BKC-RBR-A

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. SECT. 105 AND FED.R.BANKR.P. 7065 FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

**THIS MATTER** came before the Court on May 12, 1998 at 1:30 p.m. upon the emergency hearing on the Motion Pursuant to 11 U.S.C. §105 and Fed.R.Bankr.P. 7065 for Temporary Restraining Order and/or Preliminary Injunction (the "Injunction Motion") filed by the Plaintiff, Hospital Staffing Services of Tennessee, Inc.

THE COURT, shall issue its MEMORANDUM DECISION forthwith to set forth its findings of fact and conclusions of law, and finding that the Plaintiff's success on the merits is highly likely,

14

irreparable harm will result in the event the Debtor is not able to obtain access to the funds which were withheld post petition and/or rely upon future revenues from post petition services, the threatened injury to the Plaintiff and its affiliates far outweighs any harm that may result to the Defendants in the event that the Court enters the injunction, where the balance of the harm weighs in favor of the Plaintiff, and the public interest will be served by the entry of the injunction, it is hereby

**ORDERED AND ADJUDGED** that:

(1) The Defendants shall remit instanter, by wire transfer, to HSS Tennessee the sum of $441,373.00;

(2) The Defendants shall transmit all future payments and reimbursements as and when due in accordance with the procedures in place prior to the suspension of payments;

(3) The Defendants are temporarily restrained and enjoined from withholding future payments or claiming recoupment thereon pending further order of this Court.

DONE AND ORDERED in Chambers in Fort Lauderdale, Florida, this 15 day of May, 1998.

Raymond B. Ray, Judge
United States Bankruptcy Court

Copies furnished to:

BW 5/15/98 Bart A. Houston, Esq.

Grisel Alonso, Esq.
Steven Turner, Esq.
Interested Parties/ Appearances

(Mr. Houston is hereby directed to mail a conformed copy, immediately upon receipt, to all parties of interest and file a Certificate of mailing of same)

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA

In re:

HOSPITAL STAFFING SERVICES OF TENNESSEE, INC.,
FEI # 65-0194606

Debtor.

Case No. 98-21899-BKC-RBR
Chapter 11

99 JAN -5 PM 4:10
CLERK U.S. BANKRUPTCY CT. SO. OF FLA. FTL - OFFICE

HOSPITAL STAFFING SERVICES OF TENNESSEE, INC.,

Plaintiff,

vs.

DONNA SHALALA, as Secretary of the United States Department of Health and Human Services

Defendant.

Adv. Case No. 98-2151-BKC-RBR-A

## ORDER GRANTING PLAINTIFF'S MOTION FOR VACATUR OF MEMORANDUM DECISION GRANTING THE MOTION FOR TEMPORARY RESTRAINING ORDER BY HOSPITAL STAFFING SERVICES OF TENNESSEE, INC. (CP #13) AND ORDER GRANTING THE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (CP #14) (CP #59)

**THIS MATTER** came before the Court on January 5, 1999, at 1:30 p.m., on the Motion of **HOSPITAL STAFFING SERVICES OF TENNESSEE, INC.**, for an Order Vacating the Memorandum Decision Granting the Motion for Temporary Restraining Order by Hospital Staffing Services of Tennessee, Inc. and the Order Granting the Temporary Restraining Order and Preliminary Injunction and the Court having reviewed same and being otherwise fully advised in the premises, it is

**ORDERED,** the Plaintiff's Motion is granted and the injunctions granted by Court Papers #13 and #14 are vacated.

**ORDERED** in the Southern District of Florida this 5 day of January, 1999.

RAYMOND B. RAY
United States Bankruptcy Judge

(Bart A. Houston, Esq., is directed to mail a conformed copy, immediately upon receipt, to all interested parties and to file a Certificate of Service with the Court.)

JAN 05 1999

61

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

In re:

HOSPITAL STAFFING SERVICES OF TENNESSEE, INC.,
FEI # 65-0194606

Debtor.

Case No. 98-21899-BKC-RBR
Chapter 11

HOSPITAL STAFFING SERVICES OF TENNESSEE, INC.,

Plaintiff,

vs.

DONNA SHALALA, as Secretary of the United States Department of Health and Human Services

Defendant.

Adv. Case No. 98-2151-BKC-RBR-A

99 JAN -5 PM 4:10
CLERK
U.S. BANKRUPTCY CT.
SD OF FLA.
FTL OFFICE

**ORDER GRANTING PLAINTIFF'S
MOTION FOR APPROVAL OF SETTLEMENT BY AND BETWEEN
PLAINTIFF/DEBTOR AND DONNA SHALALA, AS SECRETARY OF THE
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
(CP #50)**

**THIS MATTER** came before the Court on January 5, 1999, at 1:30 p.m., on the Motion of HOSPITAL STAFFING SERVICES OF TENNESSEE, INC. ("Plaintiff/Debtor"), for Approval of Settlement by and between Plaintiff/Debtor and Donna Shalala, as Secretary of the United States Department of Health and Human Services, and the Court having reviewed same, and being otherwise fully advised in the premises, it is

**ORDERED,** the Motion is granted and the settlement of this matter as provided for in the described terms of settlement in the Motion is approved. The parties are authorized to execute any and all documents and take all actions necessary to effectuate the terms of settlement.

**ORDERED** in the Southern District of Florida this 5 day of January, 1999.

RAYMOND B. RAY
United States Bankruptcy Judge

JAN 05 1999

(Bart A. Houston, Esq., is directed to mail a conformed copy, immediately upon receipt, to all interested parties and to file a Certificate of Service with the Court.)

62