UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

FEB 1 4 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

In re:

HOSPITAL STAFFING SERVICES,
INC., *etc. et al.*,

      Debtors.

KENNETH A. WELT as Chapter 7
Trustee of Hospital Staffing Services, Inc.
and its fourteen (14) related Debtors,

      Plaintiff/Appellant,

*v.*

DONNA SHALALA, as Secretary of the
United States Department of Health and
Human Services,

      Defendant/Appellee.

CASE NO.  00-6127-CIV-GRAHAM

## APPELLANT'S BRIEF

RICE & ROBINSON, P.A.
Attorneys for Kenneth A. Welt, Appellant
848 Brickell Avenue, Suite 1100
Miami, Florida 33131-2943
Telephone:   (305) 379-3121
Facsimile:   (305) 379-4119

ARTHUR HALSEY RICE
Florida Bar No.: 224723
JAMES MATTHEW VAUGHN
Florida Bar No.: 151122

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      STATEMENT OF THE BASIS OF APPELLATE JURISDICTION . . . . . . . . . . . 2

      STATEMENT OF THE STANDARD OF APPELLATE REVIEW . . . . . . . . . . . 2

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF APPELLANT'S ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    I.    The Bankruptcy Court erred in dismissing the Trustee's *Complaint*
        and denying the Trustee's *Motion for Partial Summary Judgment*. . . . . . . . 11

        a.    The Bankruptcy Court is not precluded, by operation
            of 42 U.S.C. § 405(h), from exercising jurisdiction
            over Medicare payments as requested in the
            Trustee's *Complaint* pursuant to 28 U.S.C. § 1334
            and the standing order of reference in the Southern
            District of Florida. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        b.    The Bankruptcy Court's dismissal is in direct
            conflict with the law of the case as established by the
            Bankruptcy Court's previous ruling in a related
            adversary styled *Hospital Staffing Services of*
            *Tennessee, Inc. v. Donna Shalala et al.*, Adv. No.
            98-2151-BKC-RBR-A where the factual
            underpinnings of both proceedings are substantially
            the same. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

II.    The Bankruptcy Court erred in denying the *Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion for Partial Summary Judgment and for Leave to Amend the Complaint* where such denial is in direct conflict with the law of the case as established by the Bankruptcy Court's previous ruling in a related adversary styled *Hospital Staffing Services of Tennessee, Inc. v. Donna Shalala et al.*, Adv. No. 98-2151-BKC-RBR-A and where the factual underpinnings of both proceedings are substantially the same. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## TABLE OF AUTHORITIES

Page

*Davis v. Wal-Mart Stores, Inc.*, 967 F.2d 1563 (11th Cir. 1992) . . . . . . . . . . . . . . . 3, 18

*Deutsch v. Burlington Northern Ry. Corp.*, 983 F.2d 741 (7th Cir. 1992),
    *cert denied*, 113 S.Ct. 1845 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ex Parte Baldwin*, 291 U.S. 610, 54 S.Ct. 551 (1934) . . . . . . . . . . . . . . . . . . . . . 12

*In re Chase and Sanborn Corp.*, 904 F.2d 588 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . 2

*In re First American Health Care of Georgia, Inc.*, 208 B.R. 985
    (Bankr. N.D.Ga. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re Healthback L.L.C.*, 226 B.R. 464 (Bankr. W.D.Okla. 1998) . . . . . . . . . . . . . 14, 16

*In the Matter of Memorial Hospital of Iowa County, Inc.*,
    862 F.2d 1299 (7th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re St. Johns Home Health Agency, Inc.*, 173 B.R. 238 (Bankr. S.D.Fla. 1994) . . . . . . . 13

*In re Smith*, 964 F.2d 636 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re Sublett*, 895 F.2d 1381 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re The Southern Institute for Treatment and Evaluation*, 217 B.R. 962
    (Bankr. S.D.Fla. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Tiffany Square Associates, Ltd.*, 104 B.R. 438 (Bankr.M.D.Fla 1989) . . . . . . . . . . 18

*United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026 (1989) . . . . . . 14

*In re University Creek Plaza, Ltd.*, 176 B.R. 1011 (Bankr.S.D.Fla. 1995) . . . . . . . . . . . 18

*Venn v. St. Paul Fire and Marine Insurance Company*, 99 F.3d 1058
    (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## STATUTES

11 U.S.C. § 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 157(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 158(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 20

28 U.S.C. § 1334 . . . . . . . . . . . . . . . . 3, 11, 12, 14, 15, 16, 17, 19, 20

28 U.S.C. § 1346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 20

42 U.S.C. § 405(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

42 U.S.C. § 405(h) . . . . . . . . . . . . . . . . . 3, 11, 13, 14, 15, 16, 17, 19, 20

42 U.S.C. § 1395 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pub.L.No. 98-369, 98 Stat. 1171-1172, § 2664(b) . . . . . . . . . . . . . . . . . . . . 15

FEDERAL RULE OF BANKRUPTCY PROCEDURE

Rule 8001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**OTHER AUTHORITY**

*Black's Law Dictionary* 1429 (6th Ed. 1990) . . . . . . . . . . . . . . . . . . . . . . . . 15

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, Kenneth A. Welt, Chapter 7 Trustee for Hospital Staffing Services, Inc. and its fifteen (15) affiliates, respectfully requests this Court hear oral argument from the parties regarding the issues presented in the instant appeal. Such argument is necessary to highlight the erroneous conclusions reached by the Bankruptcy Court and will further clarify the issues and facts currently before the Court.

## INTRODUCTION

The Appellant, Kenneth A. Welt, Chapter 7 Trustee for Hospital Staffing Services, Inc. and its fifteen affiliates shall be referred to as "Welt" or "Trustee." The Appellee, Donna Shalala as the Secretary for the United States Department of Health and Human Services, shall be referred to as "Shalala" or "Secretary." References to the November 9, 1999 hearing transcript shall be "T.R. at." References to the Bankruptcy Court's *Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment* shall be "O.R.1 at ." References to the Bankruptcy Court's *Order Denying Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint, etc.* shall be "O.R.2 at ." References to other pleadings in the docket shall be "C.P.__ at __."

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

As this is an appeal taken from a final order entered by the United States Bankruptcy Court for the Southern District of Florida, the basis of this Court's jurisdiction is 28 U.S.C. § 158(a). The rules governing the procedures applicable to this appeal are codified at Federal Rule of Bankruptcy Procedure 8001 *et seq.* The Bankruptcy Court dismissed the proceeding below for lack of subject matter jurisdiction, from which determination the present appeal arises, in part.

## STATEMENT OF THE STANDARD OF APPELLATE REVIEW

The bankruptcy court's findings of fact will not be set aside unless clearly erroneous. *In re Chase and Sanborn Corp.,* 904 F.2d 588 (11th Cir. 1990). The district court is not authorized to make independent factual findings, as that is the function of the bankruptcy court. *In re Sublett,* 895 F.2d 1381 (11th Cir. 1990). Conclusions of law are reviewed *de novo. Chase and Sanborn,* 904 F.2d at 593; *Sublett,* 895 F.2d at 1381. A bankruptcy court's decision to grant a

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-1121

rehearing is reviewed under an abuse of discretion standard. *Davis v. Wal-Mart Stores, Inc.*, 967 F.2d 1563, 1566 (11th Cir. 1992).

## STATEMENT OF THE ISSUES

1.      Whether the Bankruptcy Court erred in dismissing the Trustee's *Complaint* and denying the Trustee's *Motion for Partial Summary Judgment* when the Bankruptcy Court is not precluded, by operation of 42 U.S.C. § 405(h), from exercising jurisdiction over Medicare payments as requested in the Trustee's *Complaint* pursuant to 28 U.S.C. § 1334 and the standing order of reference in the Southern District of Florida.

2.      Whether the Bankruptcy Court erred in dismissing the Trustee's *Complaint* and denying the Trustee's *Motion for Partial Summary Judgment* where such dismissal directly conflicts with the law of the case as established by the Bankruptcy Court's previous ruling in a related adversary styled *Hospital Staffing Services of Tennessee, Inc. v. Donna Shalala et al.*, Adv. No. 98-2151-BKC-RBR-A and where the factual underpinnings of both proceedings are substantially the same.

3.      Whether the Bankruptcy Court erred in denying the *Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion for Partial Summary Judgment and for Leave to Amend the Complaint* where such denial directly conflicts with the law of the case as established by the Bankruptcy Court's previous ruling in a related adversary styled *Hospital Staffing Services of Tennessee, Inc. v. Donna Shalala et al.*, Adv. No. 98-2151-BKC-RBR-A and where the factual underpinnings of both proceedings are substantially the same.

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-3121

## STATEMENT OF THE CASE

Hospital Staffing Services, Inc. ("HSSI") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 16, 1998. Thereafter, on or about March 18, 1998, HSS Staffing Company, Inc., HSS Rehab Services of Rhode Island, Inc., HSS of California, Inc., Hospital Staffing Services of Tennessee, Inc., Hospital Staffing Services of Massachusetts, Inc., HSSI Medicare Home Office, Inc., HSS Rehab Services, Inc., HSS Health Initiatives, Inc., HSS of Georgia, Inc., HSS Rehab Services of Tennessee, Inc., Hospital Staffing Services of Connecticut, Inc., Hospital Staffing Services of Rhode Island, Inc., HSS Rehab Services of Florida, Inc., HSSI Travel Nurse Operations, Inc., and All Care Professional Services, Inc., all wholly owned affiliates of HSSI, filed their voluntary chapter 11 petitions (collectively with HSSI, the "Debtors").[1] The Debtors' cases were jointly administered under HSSI, Case No. 98-21821-BKC-RBR on May 11, 1998 pursuant to the Bankruptcy Court's *Order Granting Motion for Joint Administration of Cases 98-21896 through 98-21910*.

Welt filed his *Complaint for Damages Pursuant to 11 U.S.C. §362(h) and 11 U.S.C. §105 for Intentional Violation of the Automatic Stay; for Injunctive Relief Pursuant to 11 U.S.C. §105; and, for Declaratory Judgment* ("*Complaint*") against Shalala, the Health Care Financing Administration, and Wellmark, Inc., a fiscal intermediary, on September 20, 1999. On or about September 22, 1999, Welt filed the *Affidavit of Kenneth A. Welt in Support of Trustee's Emergency Motion for Temporary Restraining Order and to Set Preliminary Injunction Hearing*.

---

[1]    HSSI Travel Nurse Operations, Inc.'s bankruptcy case was subsequently dismissed for failure to file schedules and its statement of financial affairs on April 9, 1998. On or about December 27, 1999, upon Welt's motion for such relief, the Bankruptcy Court vacated its earlier dismissal, re-opened HSSI Travel Nurse Operation, Inc.'s case, converted that chapter 11 case to chapter 7, ordered that the case be jointly administered with HSSI and the other fourteen (14) related cases, and Welt was appointed as trustee.

On October 14, 1999, Welt filed the *Trustee's Motion for Partial Summary Judgment as to Count III of the Complaint* ("*Summary Judgment Motion*"). On October 22, 1999, Shalala filed the *Defendant Secretary's Motion to Dismiss Other Defendants and to Re-Caption the Adversary Proceeding* and *Defendant's Motion to Dismiss Plaintiff's Complaint for Damages Pursuant to 11 U.S.C. § 362(h) and 11 U.S.C. 105 for Intentional Violation of the Automatic Stay; for Injunctive Relief Pursuant to 11 U.S.C. § 105; and for Declaratory Judgment* ("*Dismissal Motion*"). Thereafter, on November 2, 1999, Shalala filed the *Defendant Secretary's Response in Opposition to Trustee's Motion for Partial Summary Judgment as to Count III of the Complaint.*

The Bankruptcy Court conducted a hearing on the *Summary Judgment Motion* and the *Dismissal Motion* on November 9, 1999, at which time Shalala's counsel argued their *Dismissal Motion*, incorporating therein a response to Welt's *Summary Judgment Motion*, and Welt argued the *Summary Judgment* and response to the *Dismissal Motion* at the same time.[2]  On November 29, 1999, Welt filed the *Trustee's Motion to Supplement Motion for Partial Summary Judgment*, which was denied by the Bankruptcy Court on December 7,1999. The Bankruptcy Court entered its *Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment* ("*Dismissal Order*") on December 7, 1999. Welt filed the *Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment and for Leave to Amend the Complaint* on December 20, 1999, which request was subsequently denied by the *Order*

---

[2]       At that time, Welt agreed to the relief requested by Shalala in the *Defendant Secretary's Motion to Dismiss Other Defendants and to Re-Caption the Adversary Proceeding*, which was memorialized by the Court in its *Agreed Order Granting Defendant Secretary's Motion to Dismiss other Defendants and to Re-Caption the Adversary Proceeding* entered on November 30, 1999.

5

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(105) 379-3121

*Denying Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint, etc.* on December 22, 1999 ("*Rehearing Order*"). Welt filed his *Notice of Appeal* on January 3, 2000.

## STATEMENT OF THE FACTS

The facts in this case are undisputed, primarily as they concern the history of the Debtors and their relationship with Shalala, her various agents, and the Medicare system.

Prior to their conversion to chapter 7 on February 19, 1999, the Debtors operated home health agencies which provided various health care services to numerous patients throughout the country, some of whom were Medicare beneficiaries. O.R.1 at 2. In order to be reimbursed for such services provided to eligible Medicare beneficiaries, the Debtors entered into provider agreements with Shalala pursuant to 42 U.S.C. § 1395cc, which agreements are denominated by provider number. O.R.1 at 3. Shalala is responsible for administering the Medicare program pursuant to 42 U.S.C. §§ 1395-1395aaa and has delegated that responsibility to the Healthcare Financing Administration ("HCFA"). C.P. 9 at 3. HCFA fulfills its responsibilities through agreements with private insurance companies known as fiscal intermediaries pursuant to 42 U.S.C. §§ 1395(u) and (h), who reimburse participating health care providers such as the Debtors for services provided to eligible Medicare beneficiaries pursuant to their provider agreements. C.P. 9 at 3.

Prior to conversion, the Debtors maintained the following provider agreements with Shalala, identified by number as follows:

| Provider Name | Provider Number |
|---|---|
| Hospital Staffing Services, Inc. | HO-7035 |
| Alternative Care Medical Services | 22-7205 |
| Alternative Care Medical Services | 22-7314 |

6

| | |
|---|---|
| Alternative Care Medical Services | 07-7210 |
| Alternative Care Medical Services | 41-7033 |
| Mid-South Home Health | 44-7092 |
| All-Care Professional Services | 44-7524 |
| HSSI of CA | 05-7295 |
| HSSI of CA | 05-7023 |
| HSSI of CA | 05-7615 |
| HSSI of CA | 55-7039 |
| HSSI of CA | 55-7115 |
| HSSI of CA | 55-7761 |
| ACMS/HSSI Home Care | 10-7288 |
| ACMS/HSSI Home Care | 10-7242 |
| ACMS/HSSI Home Care | 10-7232 |
| HSSI of Texas | 67-7613 |
| HSS Rehab Services of TN | 44-6622 |
| HSS Rehab Service of RI | 41-6506 |
| HSS Rehab Services of GA | 11-6587 |
| Seven Springs Rehab | 11-6742 |
| HSS Rehab Services of FL | 10-6971 |

C.P. 1 at 5. The Debtors received interim payments based upon estimates of the costs they

actually incurred in providing services to Medicare beneficiaries. O.R.1 at 4. At the end of each

fiscal year, the Debtors submitted final cost reports to the various fiscal intermediaries responsible

for the given geographic area of the country in which the Debtors operated. O.R.1 at 4. The

fiscal intermediary then reviewed the Debtors' final cost reports, as well as the additional cost

information submitted by the Debtors throughout the years, and made a final determination as to

the amount of funds due and owing the Debtors for the year in question, issuing a notice of

program reimbursement ("NPR") setting forth that determination. O.R.1 at 4.

　　　In December of 1992, prior to filing of the Debtors' chapter 11 petitions, the United States

Justice Department commenced a criminal investigation with respect to certain operation of the

Debtors in the state of Florida regarding certain allegations of Medicare fraud in its Broward, Miami, and Palm Beach county offices.  C.P. 28 at 2.  Pursuant to this investigation, the fiscal intermediary responsible for servicing and reviewing Medicare providers in South Florida administratively froze the ordinary course payments owing to the Debtors, along with millions of dollars in re-billings which had been initially denied pursuant to an earlier NPR because of a technical error made in the presentation of such re-billings to the fiscal intermediary.  C.P.28 at Ex.2, p.2.

As for provider no. 10-7288 ("ACMS Miami"), withholds were established in the approximate amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00) to Four Million Dollars ($4,000,000.00). C.P.28 at Ex.2, p.2.  As for provider no 10-7232 ("ACMS Palm Beach") and provider no 10-7242 ("ACMS Broward"), withholds were established in the amount of Two Million One Hundred Nineteen Thousand Nine Hundred Fifty-Three Dollars and Seventy-Five Cents ($2,119,953.75) and One Million Three Hundred Seventy-Five Thousand One Hundred Forty-Eight Dollars and Twenty Cents ($1,375,148.20), respectively, excluding all billings between March of 1994 and the first quarter of 1995. C.P.28 at Ex.2, p.2.

Moreover, the fiscal intermediary transferred all the amounts due and owing ACMS Broward and ACMS Palm Beach and credited them to the "liability" of ACMS Miami resulting from the Medicare fraud investigation in the approximate amount of Thirteen Million Dollars ($13,000,000.00). C.P.28 at Ex.2, p.3. This "liability" was apparently determined by the amount of fraudulent billings that the Debtors were alleged to have filed with the fiscal intermediary. C.P.28 at Ex.2, p.3.

As of the present date, the criminal investigation into the Debtors' allegedly fraudulent conduct has been terminated by the United States Department of Justice, a fact undisputed by

Shalala, but the Debtors' funds administratively frozen by the fiscal intermediary have not yet been released to Welt for the benefit of the Debtors' estates.

The Debtors filed their chapter 11 petitions between March 16 and March 18, 1998. C.P.1 at 2-3. Subsequent to their filings but prior to conversion, the Debtors initiated the first suit against Shalala in an adversary proceeding styled *Hospital Staffing Services of Tennessee, Inc. v. Donna Shalala, et al.*, Adv. No. 98-2151-BKC-RBR-A, in which the Bankruptcy Court determined that it retained jurisdiction to determine that the actions of HCFA in applying funds due Hospital Staffing Services of Tennessee, Inc. and applying them to unrelated overpayments of HSS of California, Inc. were improper violations of the automatic stay. O.R.1 at 15-16; C.P.1 at 3.

Upon conversion of the Debtors' cases to chapter 7 and after Welt's appointment, Welt's administration of these estates was impeded by the action filed against him and the Debtors by Alexis M. Herman, as the Secretary of the United States Department of Labor ("Labor"), in the United States District Court for the Western District of Tennessee under the provisions of the Fair Labor Standards Act. C.P.1 at 5. Labor successfully obtained in that action a temporary restraining order that effectively prevented Welt from moving any record of the Debtors outside the jurisdictional boundaries of the state of Tennessee. C.P.1 at 6. Welt subsequently obtained an order from the United States District Court for the Western District of Tennessee which permitted him to ship and centralize all the Debtors' records to the Southern District of Florida. T.R. at 29. At the time of the initiation of Labor's suit, Welt had numerous appeals pending before the Provider Reimbursement Review Board ("PRRB") with respect to certain overpayment determinations made by Shalala's fiscal intermediaries on the Debtors' provider numbers. O.R1 at 2. With the entry of the temporary restraining order by the United States District Court for the

9

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-3121

Western District of Tennessee, Welt was unable to comply with various document requests made by the fiscal intermediaries with respect to those appeals and with the submission of final cost reports to those entities. C.P.1 at 7. The fiscal intermediaries informed Welt that his failure to respond to such document requests would result in the denial of all costs subject to the applicable cost reports requests was jeopardizing a valuable asset of the Debtors' estates because he had been informed by the fiscal intermediaries. C.P.1 at 7-8. Consequently, Welt filed the underlying action against Shalala on September 20, 1999 seeking, in relevant part, the entry of a declaratory judgment determining that Welt may institute suit directly against Shalala in connection with her actions and the actions of her agents in wrongfully withholding funds from the Debtors. C.P.1 at 11-12. The Bankruptcy Court conducted a hearing on the *Summary Judgment Motion* and the *Dismissal Motion* on November 9, 1999. The Bankruptcy Court entered its *Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment* ("*Dismissal Order*") on December 7, 1999. Welt filed the *Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment and for Leave to Amend the Complaint* on December 20, 1999, which request was subsequently denied by the *Order Denying Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint, etc.* on December 22, 1999 ("*Rehearing Order*"). Welt filed his *Notice of Appeal* on January 3, 2000.

## SUMMARY OF APPELLANT'S ARGUMENT

The Bankruptcy Court erred in dismissing Welt's *Complaint* and denying his *Motion for Rehearing*. Specifically, the Bankruptcy Court retains jurisdiction over every single item of estate property as of the commencement of the case, including rights in Medicare receivables. Though

42 U.S.C. § 405(h) operates to exclude other District Courts from exercising federal question jurisdiction over Medicare determinations, it specifically makes no mention whatsoever of bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334. Moreover, the Bankruptcy Court determined in a prior proceeding that it did in fact maintain jurisdiction to adjudicate whether or not Shalala violated the automatic stay when it applied overpayments attributable to one provider agreement maintained by the Debtors to another provider agreement and held that its jurisdiction under section 1334 was not excluded by operation of 42 U.S.C. § 405(h). By ignoring this precedent, the Bankruptcy Court violated its previous ruling in the case.

In addition, the Bankruptcy Court ignored the fact that Shalala and her agents continued to withhold millions of dollars in payments owing to the Debtors following the cessation of an investigation by the United States Department of Justice involving the Debtors' South Florida operations and had illegally applied overpayments from one provider number to payments owing on another. By refunding to acknowledge these facts, the Bankruptcy Court erroneously entered its *Dismissal Order*.

## ARGUMENT

I.    **THE BANKRUPTCY COURT ERRED IN DISMISSING THE TRUSTEE'S COMPLAINT AND DENYING THE TRUSTEE'S *MOTION FOR PARTIAL SUMMARY JUDGMENT*.**

        **a.    The Bankruptcy Court Is Not Precluded, by Operation of 42 U.S.C. § 405(h), from Exercising Jurisdiction over Medicare Payments Pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference in the Southern District of Florida**

Title 28 of the United States Code, Section 1334(a), provides that the district courts shall have original and exclusive jurisdiction over all cases under the Bankruptcy Code and, under Section 1334(b), original jurisdiction over "all civil proceedings arising under title 11, or arising

11

in or related to cases under title 11." 11 U.S.C. § 1334. 28 U.S.C. § 157(a) further provides that the district courts may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court for that district. The United States District Court for the Southern District of Florida issued a standing order of reference to the Bankruptcy Court for all Bankruptcy cases and proceedings on July 1, 1984.

Upon the filing of a petition for relief under the Bankruptcy Code, all property in the bankrupt's possession passes into the custody of the bankruptcy court, which court is vested with exclusive jurisdiction over such property to the exclusion of all other courts. *Ex Parte Baldwin*, 291 U.S. 610, 615-616, 54 S.Ct. 551, 553 (1934).

11 U.S.C. § 541 states that upon the filing of a bankruptcy petition, an estate is created that is comprised of all legal and equitable interests of the debtor wherever located and by whomever held, subject to the further provisions of this Section. Similarly, 28 U.S.C. § 1334(e) vests the district court, and thus a bankruptcy court operating under a standing order of reference, with exclusive jurisdiction over all property of the debtor and its estate. Shalala has never disputed that whatever rights the Debtors' may have to recover payments from it under the Medicare program, such rights constitute property of their respective estates.

The Bankruptcy Court determined that it lacked jurisdiction to enjoin the Secretary and her agents from undertaking any further actions with regards to document requests concerning the various Medicare Cost Reports and PRRB appeals that Welt is unable to comply with by virtue of the preliminary injunction entered by the United States District Court for the Western District of Tennessee. As there is no dispute that these Medicare receivables constitute one of the largest assets of these Debtors' estates, there can be no dispute that Welt's inability to respond to such

requests jeopardizes his ability to recover this property for the benefit of all creditors. Basing its

determination, in part, upon two other cases decided in this District, the Bankruptcy Court ruled

that because any determination regarding the actions of Shalala and her agents in connection with

such receivables is inextricably intertwined with a determination as to payments to a provider

under the Medicare Act, it is precluded from exercising jurisdiction over property of these estates

to determine either the nature and extent of the Debtors' right, title, and interest in these Medicare

receivables, or to take any action necessary to preserve the Debtors' rights in such estate property.

*See*, *In re The Southern Institute for Treatment and Evaluation*, 217 B.R. 962, 965 (Bankr.

S.D.Fla. 1998); *In re St. Johns Home Health Agency, Inc.*, 173 B.R. 238, 246 (Bankr. S.D.Fla.

1994). Such a determination, however, and the precedent upon which such determination is

premised disregards the plain meaning of the Medicare Act, Title 28, and the broad jurisdictional

grant afforded bankruptcy courts over debtors and property of their estates.

    The Medicare Act states in pertinent part:

> No findings of fact or decision of the Commissioner of Social Security shall be
> reviewed by any person, tribunal, or governmental agency except as herein
> provided. No action against the United States, the Commissioner of Social
> Security, or any officer or employee thereof shall be brought under section 1331
> or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Moreover, 42 U.S.C. § 405(g) permits judicial review only after a final

decision of the Commissioner of Social Security, which application for judicial review must be

filed in district court no later than sixty (60) days of a final decision.

    The Bankruptcy Court upheld Shalala's position that it lacks jurisdiction over any matter

that touches or concerns the Medicare system, at least until such time as the Debtors have

exhausted the available administrative remedies provided under the Medicare Act. This argument

completely disregards the express written intent of Congress. First, the Bankruptcy Court stated

in its *Dismissal Order* that 42 U.S.C. § 405(h) required Welt and the Debtors to exhaust their

administrative remedies as provided for under the Medicare Act, following which time they could

appeal to this Court and obtain an administrative review governed by the Administrative

Procedures Act.  This argument must fail because adjudication by a bankruptcy court over

property of the estate in not directly concerned with the fairness or legality of an administrative

decision, but rather is for the purposes of ensuring that all creditors of an estate are treated equally

within the strictures of the Bankruptcy Code.  *In re Healthback, L.L.C.*, 226 B.R. at 470.  The

Bankruptcy Court was not faced with a request by Welt to pass judgment upon the fairness or

legality of any decision by Shalala, but was rather merely asked to invoke its jurisdiction to

administer property of these estates.  Such lawful exercise is not barred by 42 U.S.C. § 405(h),

but is in fact required under 28 U.S.C. § 1334, a fact which the Bankruptcy Court disregarded

entirely.

Second, 42 U.S.C. §405(h) only prevents courts from exercising jurisdiction under 28

U.S.C. §§1331 and 1346.  It does not state anywhere that jurisdiction under 28 U.S.C. §1334 is

subordinate to 42 U.S.C. § 405.  The basic rule of statutory construction requires courts to look

at the plain meaning of the statute in question.  *United States v. Ron Pair Enterprises, Inc.*, 489

U.S. 235, 109 S.Ct. 1026 (1989).  The statute could not be clearer in this case.  Thus, under 28

U.S.C. §1334, Bankruptcy Courts and District Courts retain jurisdiction over any and all rights

to recover payments from the Medicare program which are property of a debtor's estate.

It is true that when 42 U.S.C. § 405(h)was first enacted, it barred all actions brought under

28 U.S.C. §41, including all bankruptcy cases and proceedings.  However, subsequent to

Congress' restructuring of §41 of Title 28 into §§1331-1348, 1350-1357, 1359, 2351, 2401 and

42 U.S.C. §2401, 42 U.S.C. §405(h) was rewritten in its present format, excluding only 28

U.S.C. §§1331 and 1346 jurisdiction and specifically omitting any reference to bankruptcy jurisdiction under 28 U.S.C. §1334.

The Bankruptcy Court ignored express Congressional mandate when it stated that 42 U.S.C. § 405(h)'s exclusion of bankruptcy jurisdiction under 28 U.S.C. § 1334 was merely an inadvertent error in certain technical amendments to the statute in 1984. The legislative history behind 42 U.S.C. §405(h) obviates such an erroneous conclusion and clearly indicates that 28 U.S.C. §1334 was specifically omitted. Pub.L.No. 98-369, 98 Stat. 1171-1172, §2664(b) states in pertinent part that 42 U.S.C. §405(h) shall not be construed "as changing or affecting any right, liability, status or interpretation which existed (under the provisions of law involved) before that date [of enactment]." That is, the enacted changes to the Medicare Act were not to be construed to have changed the **substantive law**, as that term is commonly understood. Substantive law is defined as "[t]hat part of law which creates, defines, and regulates rights and duties of parties as opposed to 'objective, procedural, or remedial law' which prescribes the method of enforcing the rights or obtaining redress for their injuries'. ... The basic law of rights and duties, as opposed to procedural law." *Black's Law Dictionary* 1429 (6th Ed. 1990). Thus, it is clear that the revised Medicare Act only changed the jurisdictional question provided for under procedural law, and permits district courts and bankruptcy courts operating under a standing order of reference to exercise their lawful jurisdiction over debtors and their estates under 28 U.S.C. § 1334.

As indicated by Congress' statements cited above, the omission of 28 U.S.C. §1334, which section is solely procedural in nature, from 42 U.S.C. §405(h) cannot be an oversight. The Bankruptcy Court completely disregarded the plain meaning of both 28 U.S.C. § 1334 and 42 U.S.C. § 405(h) when it dismissed Welt's *Complaint*. Relying in part upon cases evaluating section 405(h) outside of the bankruptcy context for the broad proposition that district courts are

15

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-3121

precluded from exercising federal question jurisdiction over any and all cases that touch and

concern the Medicare program is simply inapplicable to the instant case.  Simply stated, the

Bankruptcy Court is vested with a broad jurisdictional mandate that may not be lightly set aside

in favor of an ephemeral argument premised upon the argument that Congress simply forgot to

change the statute.  There are no "technical omissions" under the plain meaning doctrine.  A Court

is bound to follow a duly enacted statute that otherwise passes Constitutional.  Congress' mandate

in this instance is clear.  Therefore, 42 U.S.C. §405(h) does not limit bankruptcy jurisdiction

under 28 U.S.C. § 1334.  *In re Healthback L.L.C.*, 226 B.R. 464, 473 (Bankr. W.D.Okla. 1998);

*In re First American Health Care of Georgia, Inc.*, 208 B.R. 985 (Bankr. N.D.Ga. 1987).[3]  For

these reasons, the Bankruptcy Court's *Dismissal Order* must be reversed.

>    **b.**    **The Bankruptcy Court's Dismissal Is in Direct Conflict with the Law of the Case as Established by the Bankruptcy Court's Previous Ruling in a Related Adversary Styled *Hospital Staffing Services of Tennessee, Inc. V. Donna Shalala et al.*, Adv. No. 98-2151-BKC-RBR-A, Where the Factual Underpinnings of Both Proceedings Are Substantially the Same.**

---

[3]At the hearing on Nov. 9, 1999, counsel for the Secretary advised the Bankruptcy Court and Welt that the opinion in *In re Healthback, L.L.C., supra*, had been vacated.  This order of vacatur was entered as a condition of settlement, and it should be noted that this order does not appear in any search under Shepard's electronic citation services.  Moreover, even though the *Healthback* decision has been vacated, this in no way diminishes the weight the Court may grant this opinion because of the quality of its reasoning.  *See In re Smith*, 964 F.2d 636, 638 (7th Cir. 1992)(J. Posner).  Indeed, "[w]hen a clash between genuine adversaries produces a precedent...the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement.  The precedent, a public act of a public official, is not the parties' property...If the parties want to avoid stare decisis and preclusive effects, they need only settle before the [lower court]... renders a decision."  *In the Matter of Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988)(J. Easterbrook).  Consequently, this Court is not precluded from adopting the reasoning of *Healthback*.

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-3121

The Bankruptcy Court overturned its previous ruling in the first adversary proceeding brought against Shalala in these Debtors' cases and disregarded its own precedent on the question of its jurisdiction over the Debtors' rights in receiving Medicare payments from Shalala. In its *Order Granting Debtor's Motion Pursuant to 11 U.S.C. § 105 and Fed.R.Bankr.P 7065 for Temporary Restraining Order and/or Preliminary Injunction* entered in Adv. No. 98-2151-BKC-RBR-A, attached to Welt's *Complaint* as Exhibit 1, the Court held that the language of 42 U.S.C. § 405(h) omits any reference to the preclusion of Medicare claims jurisdiction from cases arising under 28 U.S.C. § 1334.

Under the law of the case doctrine, courts are bound to follow prior decisions that have been rendered in the same case as an expression of good sense and wise judicial practice, unless controlling authority has since made a contrary ruling applicable to the issue at hand or the prior decision was clearly erroneous or would work manifest injustice. *See, Venn v. St. Paul Fire and Marine Insurance Company*, 99 F.3d 1058 (11th Cir. 1996). In its *Dismissal Order*, the Bankruptcy Court cites to no intervening authority relevant to the jurisdictional question before it and, in fact, states that its holding is in accord with its prior order. That is simply not the case. The Bankruptcy Court stated that its previous ruling dealt entirely with the question of whether or not it retained jurisdiction to determine whether Shalala's actions with respect to crediting an overpayment from one of the Debtors' provider agreements to payments due and owing the Debtors on another was a violation of the automatic stay. While that was the factual scenario presented to the Bankruptcy Court, such underlying circumstances do not detract from its finding that a Bankruptcy Court's jurisdiction under 28 U.S.C. § 1334 is not excluded from the auspices of 42 U.S.C. § 405(h). Because that decision has become the law of the case, the Bankruptcy Court is simply not in a position to overturn that ruling in light of the new scenario presented by

17

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-3121

Welt in his *Complaint*.  For these reasons, the Bankruptcy Court's *Dismissal Order* must be reversed.

II.    **THE BANKRUPTCY COURT ERRED IN DENYING THE** ***TRUSTEE'S MOTION FOR REHEARING AND/OR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR LEAVE TO AMEND THE COMPLAINT*** **WHERE SUCH DENIAL IS IN DIRECT CONFLICT WITH THE LAW OF THE CASE AS ESTABLISHED BY THE BANKRUPTCY COURT'S PREVIOUS RULING IN A RELATED ADVERSARY STYLED** ***HOSPITAL STAFFING SERVICES OF TENNESSEE, INC. V. DONNA SHALALA ET AL.***, **ADV. NO. 98-2151-BKC-RBR-A AND WHERE THE FACTUAL UNDERPINNINGS OF BOTH PROCEEDINGS ARE SUBSTANTIALLY THE SAME**

Federal Rule of Civil Procedure 59 permits the Court to grant a rehearing, or to alter or amend an order, provided the movant shows a manifest error of law, a manifest error of fact, or newly discovered evidence.  *Deutsch v. Burlington Northern Ry. Corp.*, 983 F.2d 741 (7th Cir. 1992), *cert denied*, 113 S.Ct. 1845 (1993).  A motion for rehearing should be denied absent proof of at least one of these requirements.  *In re University Creek Plaza, Ltd.*, 176 B.R. 1011, 1022 (Bankr.S.D.Fla. 1995), *citing In re Tiffany Square Associates, Ltd.*, 104 B.R. 438, 442 (Bankr.M.D.Fla 1989).  A bankruptcy court's decision to grant or deny a motion for reconsideration should not be overturned absent an abuse of its discretion.  *Davis v. Wal-Mart Stores, Inc.*, 967 F.29 1563, 1566 (11th Cir. 1992).

The Bankruptcy Court should have granted the *Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment and for Leave to Amend the Complaint* based upon the presence of both manifest errors of law and fact.

18

First, the Bankruptcy Court committed a manifest error of law by refusing to follow its earlier entered *Order Granting Debtor's Motion Pursuant to 11 U.S.C. § 105 and Fed.R.Bankr.P 7065 for Temporary Restraining Order and/or Preliminary Injunction* and its holding that bankruptcy jurisdiction under 11 U.S.C. § 1334 is not subject to the restrictive prohibitions against judicial review of Shalala's action in the realm of Medicare reimbursements and/or payments set embodied in 42 U.S.C. § 405(h). As the law of the case, that decision was binding upon the Bankruptcy Court, as set forth further above. For that reason alone, the Bankruptcy Court should have reconsidered its *Dismissal Order*.

Second, Welt presented the Court with facts showing that the situation now faced by Welt is almost exactly the same as that under which the Bankruptcy Court's prior decision arose. In December of 1992, prior to filing of the Debtors' chapter 11 petitions, the United States Justice Department began investigations into certain operation of the Debtors in the state of Florida regarding allegations of Medicare fraud in its Broward, Miami, and Palm Beach county offices. Pursuant to this investigation, Shalala and the fiscal intermediary responsible for servicing and reviewing Medicare providers in South Florida administratively froze millions of dollars in Medicare payments that were due and owing the Debtors, including approximately Two Million Five Hundred Thousand Dollars ($2,500,000.00) to Four Million Dollars ($4,000,000.00) for ACMS Miami, Two Million One Hundred Nineteen Thousand Nine Hundred Fifty-Three Dollars and Seventy-Five Cents ($2,119,953.75) for ACMS Palm Beach, and One Million Three Hundred Seventy-Five Thousand One Hundred Forty-Eight Dollars and Twenty Cents ($1,375,148.20), for ACMS Broward. Shalala does not dispute these amounts, as these numbers arise directly from remittance advises provided to Welt by her agents.

These remittance advises further reflect that, as to ACMS Broward and ACMS Palm Beach, the funds owing to the Debtors by virtue of these two (2) provider numbers were simply applied to *a different provider number* (ACMS Miami) for credit against an amount *presumed* to be due back to HCFA as a result of the alleged fraud. The criminal investigation has since ceased, with no finding of wrong-doing by the Debtors; however, Shalala has not released any funds to the Debtors, nor has she sought permission from the Bankruptcy Court to continue such actions which fly in the face of the Bankruptcy Code's automatic stay.

Welt's *Complaint* directly sought a declaratory judgment determining that the Bankruptcy Court retained jurisdiction to entertain a lawsuit directed by Welt against Shalala in connection with her actions in withholding funds from the Debtors. The Bankruptcy Court committed a manifest error of fact when it ignored the factual predicate set forth by Welt with respect to Shalala' actions as against these Debtors and their estates. Moreover, such conscious disregard for the automatic stay and the deleterious effect such actions have had and will have on these estates constitutes a gross injustice for which a rehearing must be granted. For these reasons, the Bankruptcy Court's *Rehearing Order* must be reversed.

## CONCLUSION

42 U.S.C. § 405(h) provides that courts are precluded from exercising their otherwise lawful jurisdiction pursuant to 28 U.S.C. § 1331 and 1346 over Shalala and the United States concerning the Medicare program as administered by Shalala and HCFA. Nowhere does this statute make mention of bankruptcy jurisdiction under 28 U.S.C. § 1334, and the legislative history makes it clear that Congress intended for such jurisdiction to remain vested in the bankruptcy courts pursuant to their broad jurisdictional warrant over property of a debtor's estate. The Bankruptcy Court's previous decision in a related adversary proceeding against Shalala in this

RICE & ROBINSON, P.A.
ATTORNEYS AT LAW
(305) 379-3121

case draws the same conclusion, a conclusion the Bankruptcy Court consciously ignored in dismissing Welt's *Complaint*.

The Bankruptcy Court consciously ignored relevant factual material presented to it by Welt regarding Shalala's actions with respect to the administrative withholds on the Debtors' South Florida operations in contravention to the automatic stay, and the similarity such facts bore to the facts underlying its previous ruling against Shalala in the related adversary proceeding filed against her during the Debtors' chapter 11. Such actions constitute gross injustice and present manifest errors of both law and fact.

For these reasons and for the reasons further set forth herein, the Bankruptcy Court's *Dismissal Order* and *Rehearing Order* must be reversed and summary judgment must be granted in favor of Welt with respect to Count III of *Complaint*.

Respectfully submitted.

> **RICE & ROBINSON, P.A.**
> Attorneys for Kenneth A. Welt/Appellant
> 848 Brickell Avenue, Suite 1100
> Miami, Florida 33131-2943
> Telephone:    (305) 379-3121
> Facsimile:    (305) 379-4119
>
> By: _____
>     ARTHUR HALSEY RICE
>     Florida Bar No.: 224723
>     JAMES MATTHEW VAUGHN
>     Florida Bar No.: 151122

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing was served via U.S. Mail, postage prepaid, upon all parties set forth on the attached service list this _____ day of February, 2000.

G:\1212\017-Shalala Adversary\Appeal\Brief Draft 1.wpd

JAMES MATTHEW VAUGHN

22

*Welt v. Shalala, et al.*

G:\1212\017-Shalala    Adversary\Appeal\Service
List.wpd

| | | |
|---|---|---|
| Thomas E. Scott, Esq., U.S. Attorney<br>Grisel Alonso, Esq., Asst U.S. Attorney<br>U.S. Department of Justice<br>99 NE 4th Street, Suite 310<br>Miami, FL 33132 | Greg Bongiovanni, Esquire<br>Bruce R. Granger<br>Department of Health and Human Servs<br>61 Forsyth Street, S.W., Suite 5M60<br>Atlanta, Georgia 30303-8909 | Kenneth A. Welt, Trustee<br>3790 N 28 Terrace<br>Hollywood, FL 33020 |
| Andrew Zaron, Esq.<br>Ruden, McCloskey, Smith, *et al.*<br>200 E. Broward Boulevard, #1900<br>Fort Lauderdale, Florida 33302 | Lance Baker, Esq.<br>Capital Healthcare Financing, a division of<br>Capital Factors, Inc.<br>120 East Palmetto Park Blvd., 5th Floor<br>Boca Raton, FL 33432 | |