UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

00 FEB 29 PM 4: 22

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

In re:

HOSPITAL STAFFING SERVICES, INC.,
etc. et al.,

     Debtors.

_____/

KENNETH A. WELT, Chapter 7 Trustee for
the Estate of Hospital Staffing Services, Inc.
and its fourteen (14) related Debtors,

     Plaintiff/Appellant,

v.                              CASE NO. 00-6127-CIV-GRAHAM

DONNA SHALALA, as Secretary of the United
States Department of Health and Human Services,

     Defendant/Appellee.

_____/

## BRIEF OF THE APPELLEE

<div style="margin-left: 40%;">

THOMAS E. SCOTT
UNITED STATES ATTORNEY
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
Tel. No.: (305) 961-9310

</div>

Grisel Alonso
Assistant United States Attorney

Bruce R. Granger, Esq.
Greg Bongiovanni, Esq.
Office of the General Counsel
U.S. Department of Health and Human Services
61 Forsyth Street, SW, Suite 5M60
Atlanta, Georgia 30303-8909

Of Counsel



## TABLE OF CONTENTS

**PAGE:**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF BASIS OF APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES PRESENTED ON APPEAL . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF APPELLATE REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      (a)    Course of Proceedings and Disposition in the Court Below . . . . . . . . . . . . . . . 3

      (b)    Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT:

I.    THE BANKRUPTCY COURT DID NOT ERR IN DISMISSING WELT'S COMPLAINT OR IN DENYING WELT'S MOTION FOR PARTIAL SUMMARY JUDGMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      a.    The bankruptcy court correctly ruled that no court may take jurisdiction over a Medicare reimbursement dispute except as provided for in the Medicare statute itself. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      b.    The "law of the case" principle did not, and could not, govern the bankruptcy court's decision. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

II.    THE BANKRUPTCY COURT DID NOT ERR IN DENYING WELT'S MOTION FOR REHEARING AND/OR RECONSIDERATION AND FOR LEAVE TO AMEND THE COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

i

## TABLE OF AUTHORITIES

CASES                                                                                    PAGES

In re AHN Homecare, L.L.C.,

  222 B.R. 804 (Bankr. N.D. Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

American Academy of Dermatology v. Department of Health and Human Services,

  118 F.3d 1495 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

American Federation of Home Health Agencies, Inc. v. Heckler,

  754 F.2d 896 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bank of Montreal v. Olafsson,

  648 F.2d 1078 (6th Cir. 1981), cert. denied, 454 U.S. 1084 (1981) . . . . . . . . . . . . . . . . . . . . . 17

Batterton v. Texas General Land Office,

  783 F.2d 1220 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

In re Berger,

  16 B.R. 236 (Bankr. S.D. Fla. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Binkley,

  242 B.R. 728 (M.D. Fla. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Board of Governors v. MCorp Financial,

  502 U.S. 32 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Bodimetric Health Services, Inc. v. Aetna Life & Casualty,

  903 F.2d 480 (7th Cir. 1990), cert. denied, 498 U.S. 1012 (1990) . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

### (continued)

CASES                                                                    PAGES

Branum v. Clark,

  927 F. 2d 698 (2nd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Charter Medical Corporation v. Bowen,

  788 F.2d 728 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re Clawson Medical, Rehabilitation and Pain Care Center, Inc.,

  12 B.R. 647 (E.D. Mich. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Club Associates,

  951 F.2d 1223 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

County of Los Angeles v. Davis,

  440 U.S. 625 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Davis v. Wal-Mart Stores, Inc.,

  967 F. 2d 1563 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Deutsch v. Burlington Northern Railroad Company,

  983 F.2d 741 (7th Cir. 1992), cert. denied, 507 U.S. 1030 (1993) . . . . . . . . . . . . . . . . . . . . . 18

In re Envirocon International Corporation,

  218 B.R. 978 (M.D. Fla. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

In re Glados, Inc.,

  83 F.3d 1360 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## TABLE OF AUTHORITIES

### (continued)

CASES                                                           PAGES

Global Network Technologies, Inc. v. Regional Airport Authority,

  122 F.3d 661 (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Goerg v. Parungao,

  930 F.2d 1563 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Golden Budha Corporation v. Canadian Land Company of America,

  931  F.2d 196 (2nd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Griffin v. Oceanic Contractors, Inc.,

  458 U.S. 564 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Heckler v. Ringer,

  466 U.S. 602 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

In re Home Comp Care, Inc.,

  221 B.R. 202 (N.D. Ill. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re JLJ, Inc.

  988 F.2d 1112 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

In re Martinelli,

  96 B.R. 1011 (9th Cir. BAP 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

In the Matter of International Horizons, Inc.,

  689 F.2d 996 (11th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## TABLE OF AUTHORITIES

### (continued)

CASES                                                                                    PAGES

Midland Psychiatric Associates, Inc. v. United States,

  145 F.3d 1000 (8th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Muniz v. Hoffman,

  422 U.S. 454 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

O'Connor v. Donaldson,

  422 U.S. 563 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

In re Orthotic Center,

  193 B.R. 832 (N.D. Ohio 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Sciortino,

  120 B.R. 369 (Bankr. E.D. Pa. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Seamon v. Vaughan,

  921 F.2d 1217 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Shahar v. Bowers,

  120 F.3d 211 (11th Cir. 1997), cert. denied 522 U.S. 1049 (1998) . . . . . . . . . . . . . . . . . . . . . . 15

In re Southern Institute for Treatment and Evaluation,

  217 B.R. 962 (Bankr. S.D. Fla. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

In re St. Johns Home Health Agency, Inc.,

  173 B.R. 238 (Bankr. S.D. Fla. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 12

**TABLE OF AUTHORITIES**

**(continued)**

CASES                                                               PAGES

In re St. Mary Hospital,

  123 B.R. 14 (E.D. Penn. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

St. Vincent's Medical Center v. United States,

  32 F.3d 548 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Stephan v. United States,

  319 U.S. 423 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Total Renal Laboratories, Inc. v. Shalala,

  60 F.Supp.2d 1323 (N.D. Ga. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re Tri County Home Health Services, Inc.,

  230 B.R. 106 (Bankr. W.D. Tenn. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re University Creek Plaza, Ltd.,

  176 B.R. 1011 (S.D. Fla. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

In re Upsher Laboratories, Inc.,

  135 B.R. 117 (Bankr. W.D. Mo. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Venn v. St. Paul Fire and Marine Insurance Co.,

  99 F.3d 1058 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

In re Visiting Nurses Association of Tampa Bay,

  121 B.R. 114 (Bankr. M.D. Fla. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

### (continued)

**CASES**                                                              **PAGES**

In re Williamson,

  15 F.3d 1037 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATUTES**                                                           **PAGES**

28 U.S.C. § 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 158(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

28 U.S.C. § 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10, 11, 12, 13

28 U.S.C. § 1334(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 1346 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11

28 U.S.C. § 1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

42 U.S.C. § 405(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9, 10, 11, 12, 13

42 U.S.C. § 1395ii . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

42 U.S.C. § 1395oo . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

42 U.S.C. § 1395oo(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C. § 1395oo(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Amendments to Title II of Social Security Act, § 201, 3 Stat. 1362 (1939) . . . . . . . . . . . . . . . 11

Judicial Code of the United States § 24, 36 Stat. 1093 (1911) . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES (cont'd.)**                                              **PAGES**

Pub.L. No. 80-773, 62 Stat. 869 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Pub.L. No. 98-369, § 2663(a)(4)(D), 98 Stat. 1162 (1984) . . . . . . . . . . . . . . . . . . . 11

Pub.L. No. 98-369, § 2664(b), 98 Stat. 1171-72 (1984) . . . . . . . . . . . . . . . . . . . . 11, 12

**REGULATIONS**                                                    **PAGES**

42 C.F.R. § 405.1803 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

42 C.F.R. § 405.1885 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**OTHER AUTHORITIES**                                              **PAGES**

BLACK'S LAW DICTIONARY (6th ed. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Bankr. P. 8010(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Bankr. P. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Wright, Miller, & Cooper, FEDERAL PRACTICE AND PROCEDURE . . . . . . . . . . . . . . . 16

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, the Secretary of the United States Department of Health and Human Services, respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by oral argument.

## STATEMENT OF BASIS OF APPELLATE JURISDICTION

This appeal is taken from a final order entered by the United States Bankruptcy Court for the Southern District of Florida, on December 7, 1999, dismissing an adversary proceeding for lack of jurisdiction over the subject matter.   The bankruptcy court granted the motion of the defendant Donna Shalala, as Secretary of the United States Department of Health and Human Services ("the Secretary," herein the Appellee), to dismiss the adversary proceeding, and denied the motion of the plaintiff Kenneth Welt ("Welt," herein the Appellant), Chapter 7 Trustee for the estate of Hospital Staffing Services, Inc. ("HSSI") and its fourteen related debtors, for partial summary judgment.  Welt has appealed the bankruptcy court's final order.  This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a).

## STATEMENT OF THE ISSUES PRESENTED ON APPEAL

Since the issues in this appeal have been raised solely and entirely by the Appellant Welt, and as they have been set forth by the Appellant in his brief, the Appellee Secretary shall not restate those issues herein.  See Fed. R. Bankr. P. 8010(a)(2).

1

## **STANDARD OF APPELLATE REVIEW**

In reviewing an order entered by a bankruptcy court, a district court sits as an appellate court. In re Glados, Inc., 83 F.3d 1360,1362 (11th Cir. 1996); In re Williamson, 15 F.3d 1037, 1038 (11th Cir. 1994); In the Matter of International Horizons, Inc., 689 F.2d 996, 1000 (11th Cir. 1982); In re Binkley, 242 B.R. 728, 729 (M.D. Fla. 1999). A district court's review of a bankruptcy court order is governed by Rule 8013 of the Federal Rules of Bankruptcy Procedure. Findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013; In re Club Associates, 951 F.2d 1223, 1228 (11th Cir. 1992). The district court does not make independent factual findings. Williamson, 15 F.3d at 1038; Binkley, 242 B.R. at 729. The district court reviews the bankruptcy court's conclusions of law de novo. Williamson, 15 F.3d at 1038; In re JLJ, Inc. 988 F.2d 1112, 1116 (11th Cir. 1993); Goerg v. Parungao, 930 F.2d 1563, 1566 (11th Cir. 1991).

## STATEMENT OF THE CASE

**(a)    Course of Proceedings and Disposition in the Court Below**

In March, 1998, HSSI and its affiliates filed voluntary petitions under Chapter 11 of the U.S.

Bankruptcy Code.  Court Paper 1 (at pp.2-3, ¶8). [1]  In February 1999, HSSI and its affiliates ceased

business operations. C.P. 1 (at p.3, ¶8); C.P. 23 (at p.2). The bankruptcy court converted the cases

to Chapter 7, and Welt was appointed Chapter 7 trustee.  Id.

On September 20, 1999, Welt initiated an adversary proceeding against the Secretary. C.P. 1.

In his complaint, Welt alleged, inter alia, that circumstances prevented him from complying with the

---

[1] The Court Papers ("C.P.") referenced herein are those items from the adversary proceeding which Welt designated as the record on appeal on January 13, 2000.

The HSSI bankruptcy cases are styled as follows:

In re:

| | |
|---|---|
| HOSPITAL STAFFING SERVICES, INC., | Case No. 98-21821-BKC-RBR |
| HSS STAFFING COMPANY, INC., | Case No. 98-21896-BKC-RBR |
| HSS REHAB SERVICES OF RHODE ISLAND, INC., | Case No. 98-21897-BKC-RBR |
| HSS OF CALIFORNIA, INC., | Case No. 98-21898-BKC-RBR |
| HOSPITAL STAFFING SERVICES OF TENNESSEE, INC. | Case No. 98-21899-BKC-RBR |
| HOSPITAL STAFFING SERVICES OF MASSACHUSETTS, INC. | Case No. 98-21900-BKC-RBR |
| HSSI MEDICARE HOME OFFICE, INC. | Case No. 98-21901-BKC-RBR |
| HSS REHAB SERVICES, INC. | Case No. 98-21902-BKC-RBR |
| HSS HEALTH INITIATIVES, INC. | Case No. 98-21903-BKC-RBR |
| HSSI OF GEORGIA, INC. | Case No. 98-21904-BKC-RBR |
| HSS REHAB SERVICES OF TENNESSEE, INC. | Case No. 98-21905-BKC-RBR |
| HOSPITAL STAFFING SERVICES OF CONNECTICUT, INC. | Case No. 98-21906-BKC-RBR |
| HOSPITAL STAFFING SERVICES OF RHODE ISLAND, INC. | Case No. 98-21908-BKC-RBR |
| HSS REHAB SERVICES OF FLORIDA, INC. | Case No. 98-21909-BKC-RBR |
| ALL CARE PROFESSIONAL SERVICES, INC. | Case No. 98-21910-BKC-RBR |

Debtors.

3

deadlines for the submission of requisite cost documentation to Wellmark, Inc., a Medicare fiscal intermediary which handled various reimbursement, review, and audit functions under contract with the Secretary. Id. (at pp.5-8, ¶¶19-28). Welt brought three counts for relief. First, Welt sought that the bankruptcy court "take jurisdiction of the matters asserted" in the complaint and impose various remedies. Id. (at Count I, pp.8-9). Second, Welt sought entry of an injunction against the Secretary or her intermediary "unilaterally establishing [any] deadlines" for the submission of any cost documentation. Id. (at Count II, pp.9-11). Third, Welt also sought a declaratory judgment that he could circumvent the Medicare administrative appellate process by bringing a lawsuit against the Secretary regarding a number of reimbursement issues for which administrative appeals had previously been filed. Id. (at Count III, p.11, ¶¶44-47). Welt expressed "doubt" as to whether he could bring such a suit. Id. (at p.12, ¶47).

On October 14, 1999, prior to the Secretary's response deadline, Welt filed a motion for partial summary judgment as to Count III of his complaint. C.P. 9. On October 25, 1999, the Secretary filed a motion to dismiss the complaint in its entirety, pursuant to Fed. R. Bankr. P. 7012(b), on the ground that the court lacked jurisdiction over the subject matter. C.P. 12. On November 9, 1999, the bankruptcy court held a hearing on both motions, as they turned upon the same question(s) of law. Transcript of Hearing. Subsequent to the hearing, Welt filed a motion to supplement his motion for partial summary judgment. C.P. 18. The bankruptcy court denied said motion. C.P. 22.

On December 7, 1999, the bankruptcy court issued an Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment. C.P. 23. Based upon its consideration of the pertinent statutes and regulations, along with a large body of case law issuing from the Supreme Court, the Court of Appeals for the Eleventh Circuit, the bankruptcy court

4

for this district and other jurisdictions, the bankruptcy court determined that it lacked jurisdiction over the subject matter and dismissed Welt's complaint. See id.

On December 20, 1999, Welt filed a motion for rehearing and/or reconsideration and for leave to amend his complaint. C.P. 28. Finding no basis for Welt's requests, the bankruptcy court denied the motion on December 22, 1999. C.P. 29. Thereupon, Welt initiated the instant appeal.

**(b)    Statement of Facts**

As the disposition of this case below turned entirely upon the legal issue of subject matter jurisdiction, the relevant facts are few, and may be set forth very briefly:

At the time of the Chapter 11 bankruptcy filings in March 1998, many of the HSSI affiliates operated home health agencies which held Medicare provider agreements with the Secretary, under which agreements the home health agencies received Medicare reimbursement for services they rendered to elderly and disabled beneficiaries of the Medicare program. C.P. 23 (at p.2). The Medicare reimbursement process is an intricate one, governed by a complex statutory and regulatory framework. One central feature of Medicare reimbursement to providers is that interim payments are issued to a provider based on estimates of the provider's actual Medicare-allowable costs, subject to the provider's subsequent reporting of its actual costs and the Secretary's review and audit of the data reported.[2]

In February 1999, the HSSI affiliates ceased business operations. See C.P. 1 (at p.3, ¶8); C.P. 23 (at p.2). Upon his appointment as trustee of the Chapter 7 estates, Welt assumed responsibility for submission of Medicare cost data and reports for the former HSSI providers; he also assumed the

_____

[2]The bankruptcy court order under appeal, C.P. 23 (at pp. 3-6), contains an apt summary of key features of the Medicare reimbursement process.

authority to prosecute any or all of the many Medicare reimbursement appeals previously filed by the various HSS entities and then pending before the Provider Reimbursement Review Board ("PRRB"), the national administrative tribunal established by Congress for the adjudication of Medicare reimbursement disputes.

## ARGUMENT

I.    **THE BANKRUPTCY COURT DID NOT ERR IN DISMISSING WELT'S COMPLAINT OR IN DENYING WELT'S MOTION FOR PARTIAL SUMMARY JUDGMENT.**

    a.    **The bankruptcy court correctly ruled that no court may take jurisdiction over a Medicare reimbursement dispute except as provided for in the Medicare statute itself.**

Welt's first argument on appeal is that the bankruptcy court erred in dismissing Welt's complaint for lack of subject matter jurisdiction, maintaining that 28 U.S.C. § 1334 supplies such jurisdiction. Brief of the Appellant, p.11. This is certainly not the first time that a debtor (or trustee) has asked the Bankruptcy Court for the Southern District of Florida to take jurisdiction over a Medicare reimbursement dispute. In determining that it had no jurisdiction over such matters, the bankruptcy court's ruling was fully consistent with this district's three reported earlier bankruptcy decisions on this topic. See In re Southern Institute for Treatment and Evaluation, 217 B.R. 962, 965 (Bankr. S.D. Fla. 1998) (J. Hyman); In re St. Johns Home Health Agency, Inc., 173 B.R. 238 (Bankr. S.D. Fla. 1994) (J. Mark); In re Berger, 16 B.R. 236, 237-238 (Bankr. S.D. Fla. 1981) (J. Britton).

The bankruptcy court correctly recognized that the Medicare statute sets forth the exclusive basis for the jurisdiction of any court over disputes pertaining to Medicare reimbursement. C.P. 23 (p.6). The applicable provision is codified at 42 U.S.C. § 405(h):

The findings and decision of the [Secretary] after a hearing shall be binding upon all individuals

6

who were parties to such hearing. *No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

(emphasis added). This statutory provision, which was originally enacted with regard to Social

Security determinations, is specifically made applicable to Medicare determinations by 42 U.S.C. §

1395ii ("[t]he provision[] of . . . subsection (h) of section 405 of this title, shall also apply with respect

to this subchapter . . .").

The specific procedures to be followed by a Medicare grievant in seeking review of a

reimbursement "decision of the [Secretary]" are codified at 42 U.S.C. § 1395oo, which establishes the

Provider Reimbursement Review Board, or PRRB. This is the single, national administrative tribunal

which alone adjudicates Medicare providers' reimbursement-related grievances. C.P. 23 (p.2; pp.13-

14). [3]

A Medicare grievant must first exhaust its administrative remedies, *after* which it may go to

district court and obtain Administrative Procedure Act ("APA")-governed review of the final

administrative decision. See 42 U.S.C. § 1395oo(f)(1). Except as specified in 42 U.S.C. § 1395oo,

a court is barred by 42 U.S.C. § 405(h) from jurisdiction over a grievant's Medicare reimbursement

concerns.

As the bankruptcy court noted (C.P. 23, pp.7-12), the courts have long recognized and

respected the jurisdictional bar of 42 U.S.C. § 405(h). In its seminal decision in Heckler v. Ringer,

466 U.S. 602 (1984), the Supreme Court read the preclusive effect of § 405(h) as sufficiently broad

---

[3] Congress has comprised the staffing of the PRRB to ensure the expertise essential to the task of adjudicating the myriad complexities of Medicare cost-based reimbursement. See 42 U.S.C. § 1395oo(h).

7

as to bar review of all those claims which are "inextricably intertwined" with Medicare payment determinations. The terms of the Medicare statute provide the sole avenue of review for any claim "arising under" the Medicare Act. Id. at 614-615. Indeed, claims brought under other statutes or authorities are barred by § 405(h) if they are also "inextricably intertwined" with reimbursement determinations under the Medicare statute. In Ringer, Medicare claimants challenged a decision of the Secretary which prohibited Medicare reimbursement of a particular surgical procedure. Although the claimants fashioned their challenge under the Due Process Clause of the Constitution and under the APA, as well as the Medicare statute, the Supreme Court recognized that their complaint was, "at bottom, a claim that they should be paid for [their] surgery." 466 U.S. at 614. As such, the claimants' challenge was "inextricably intertwined" with a claim for Medicare payments and was therefore barred by § 405(h).

Over the years the appellate courts, including the Eleventh Circuit, have faithfully implemented Ringer's reading of 42 U.S.C. § 405(h). E.g., American Academy of Dermatology v. Department of Health and Human Services, 118 F.3d 1495 (11th Cir. 1997) (court lacked jurisdiction where plaintiff wished to litigate local medical review policy used by Secretary's Medicare contractor); Charter Medical Corporation v. Bowen, 788 F.2d 728 (11th Cir. 1986) (court lacked jurisdiction where plaintiff sought prospective relief from what it believed to be erroneous Medicare payment rates); American Federation of Home Health Agencies, Inc. v. Heckler, 754 F.2d 896 (11th Cir. 1984) (court lacked jurisdiction where plaintiffs sought to litigate Secretary's decision to transfer Medicare payment functions from government to private entities which contracted with Secretary). This large body of law, taken collectively, holds that in any instance where a grievant is ultimately concerned with some aspect of the Medicare reimbursement it has gotten, may get, or has not gotten, its grievance is

8

"inextricably intertwined" (Ringer) with a Medicare determination, and that claim "arises under" the Medicare Act. In any such instance, the jurisdictional bar at 42 U.S.C. § 405(h) applies absolutely: no court may take jurisdiction until and unless the grievant has first presented its grievance to the Secretary and exhausted its administrative remedies. After that point, a court may take jurisdiction only to perform the APA-styled judicial review prescribed by Congress in the Medicare statute. Under no circumstance does the law contemplate, or permit, that any court "try the facts" of Medicare reimbursement disputes.

Courts, in this district and elsewhere, have recognized on repeated occasions that a bankruptcy court has no greater jurisdiction than any other court over a Medicare reimbursement question where administrative remedies have not been exhausted. See In re Southern Institute for Treatment and Evaluation, 217 B.R. at 965 (bankruptcy court lacks jurisdiction over the amount of debtor-provider's Medicare reimbursement and/or overpayments); In re St. Johns Home Health Agency, Inc., 173 B.R. at 247-248 ("filing of a Chapter 11 petition does not change [requirement of exhaustion of administrative remedies]"); see also In re Home Comp Care, Inc., 221 B.R. 202 (N.D. Ill. 1998) (bankrupt provider "must still exhaust its administrative remedies prior to obtaining judicial review"); In re Orthotic Center, 193 B.R. 832, 835 (N.D. Ohio 1996) ("the bankruptcy court does not have jurisdiction over Medicare disputes"); In re St. Mary Hospital, 123 B.R. 14, 17 (E.D. Penn. 1991) ("The misfortune that a provider is in bankruptcy when he has a reimbursement dispute with the Secretary should not upset the careful balance between administrative and judicial review. There is no compelling reason to treat the bankrupt provider differently than any other provider."); In re Clawson Medical, Rehabilitation and Pain Care Center, Inc., 12 B.R. 647, 652 (E.D. Mich. 1981) ("bankruptcy court does not have any greater jurisdiction to invade and ignore the congressionally

9

established procedures to challenge the decisions of the Secretary than does the district court") ; In re Tri County Home Health Services, Inc., 230 B.R. 106, 108 n.1 (Bankr. W.D. Tenn. 1999) ("There is a firm jurisdictional bar against *any* court adjudicating any reimbursement dispute except as provided in the Medicare statute") (emphasis added); In re Visiting Nurses Association of Tampa Bay, 121 B.R. 114, 118 (Bankr. M.D. Fla. 1990).

Welt argues that 28 U.S.C. § 1334 provides for bankruptcy court jurisdiction over Medicare matters because § 1334 is not specifically excluded in the third sentence of 42 U.S.C. § 405(h). Brief of the Appellant, p.11. This is a specious argument. Irresponsibly, Welt would read the third sentence of § 405(h) ("No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter") independent of, and without any regard for, the antecedent and exhaustive *second sentence* of § 405(h) ("No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided").

In any case, and as the bankruptcy court recognized (C.P. 23, pp.11-12), Welt's argument is nothing new. Indeed, it has been advanced on numerous occasions, by litigants who would seek to have a court take jurisdiction over a Medicare reimbursement matter under 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1334 (bankruptcy jurisdiction), 28 U.S.C. § 1361 (mandamus jurisdiction), i.e., under something, anything other than the "section 1331 or 1346 of Title 28" mentioned in the third sentence of 42 U.S.C. § 405(h). Courts have repeatedly rejected this argument, based upon an examination of the history of 42 U.S.C. § 405(h), which reveals an inadvertent error in certain technical amendments to the provision.

The pertinent history of 42 U.S.C. § 405(h) may be summarized briefly. The third sentence of

42 U.S.C. § 405(h), as originally drafted, specifically barred bankruptcy jurisdiction by prohibiting *any* action under "section 24 of the Judicial Code of the United States." See Amendments to Title II of the Social Security Act, § 201, 53 Stat. 1362, 1371 (1939).   Section 24 of the Judicial Code (itself codified at 28 U.S.C. § 41) contained virtually all twenty-five of the jurisdictional grants to the district courts, including bankruptcy jurisdiction.  Judicial Code of the United States, § 24, 36 Stat. 1093 (1911). In 1948, the Judicial Code was revised and the district court jurisdictional grants were put into separate sections.  See Pub.L. No. 80-773, 62 Stat. 869, 930-35 (1948).

Ultimately, Congress revised 42 U.S.C. § 405(h) in 1984 by striking out the "section 24" reference.  The phrase "section 1331 or 1346 of title 28, United States Code[.]" was inserted.  Pub.L. 98-369, § 2663(a)(4)(D), 98 Stat. 1162 (1984). *However*, the same legislation amending  § 405(h) expressly advised that "none of such amendments shall be construed as changing or affecting *any* right, liability, status, or interpretation which existed" under the amended provisions prior to enactment. Pub.L. 98-369, § 2664(b), 98 Stat. 1171-72 (1984) (emphasis added).  Thus, the omission of 28 U.S.C. §§ 1332, 1334, 1361, etc. from the amended version of 42 U.S.C. § 405(h) was not intended to create any jurisdiction where jurisdiction had plainly always been precluded.  In short, the intent and effect of the 1984 amendments are that bankruptcy court jurisdiction under § 1334 for claims arising under the Medicare program is, and remains, precluded by 42 U.S.C. § 405(h).

As a general and well-established principle of law,  the U.S. Code cannot prevail over the Statutes at Large when the two are inconsistent.  Stephan v. United States, 319 U.S. 423, 426 (1943); see also Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982) (when "in rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters . . . those intentions must be controlling"); Muniz v. Hoffman, 422 U.S. 454, 470 (1975) (discussing

11

"general rule" that "[i]t will not be inferred that the legislature, in revising . . . the law[], intended to

change [its] policy, unless such intention be clearly expressed"). Thus, the technical omission of any

reference to "§ 1334" from the third sentence of the amended 42 U.S.C. § 405(h) cannot be construed

as creating jurisdiction which circumvents the carefully-crafted Medicare administrative scheme, when

and where Congress has clearly expressed its actual intent to the contrary, at Pub.L. 98-369, § 2664(b),

98 Stat. 1171-72 (1984) (nothing "chang[es] or affect[s] any right, liability, status, or interpretation

which existed" before)).

     The first detailed judicial analysis of the § 405(h) amendments was undertaken by the Court of

Appeals for the Seventh Circuit, in <u>Bodimetric Health Services, Inc. v. Aetna Life & Casualty</u>, 903

F.2d 480, 488-489 (7th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1012 (1990) (no 28 U.S.C. § 1332

jurisdiction over Medicare matters).    Another appellate court, the Eighth Circuit, has also

acknowledged the significance of this history. <u>Midland Psychiatric Associates, Inc. v. United States</u>,

145 F.3d 1000, 1004 (8th Cir. 1998) (same).    Quite recently, a district court analyzed the history of

§ 405(h) and reached the same conclusion.  <u>Total Renal Laboratories, Inc. v. Shalala</u>, 60 F.Supp.2d

1323, 1331 (N.D. Ga. 1999) (no 28 U.S.C. § 1361 jurisdiction over Medicare matters).  *Bankruptcy*

courts, as well, have reviewed the pertinent history and have reached the similarly inescapable

conclusion that 28 U.S.C. § 1334 provides no basis for circumventing the jurisdictional bar of 42

U.S.C. § 405(h).  Indeed, from this district, Judge Robert Mark's very thorough decision in <u>In re St.</u>

<u>Johns Home Health Agency, Inc.</u>, 173 B.R. at 244, includes a signal analysis on this score.  <u>Also see</u>

<u>In re St. Mary Hospital</u>, 123 B.R. at 16-17; <u>In re AHN Homecare, L.L.C.</u>, 222 B.R. 804, 807-808

(Bankr. N.D. Tex. 1998); <u>In re Upsher Laboratories, Inc.</u>, 135 B.R. 117, 119-120 (Bankr. W.D. Mo.

1991).

<div align="center">12</div>

The bankruptcy court reviewed the above-stated body of case analyzing the history of 42 U.S.C. § 405(h) and correctly came to the same conclusion that 28 U.S.C. § 1334 cannot provide a basis for evading the jurisdictional bar of 42 U.S.C. § 405(h). C.P. 23 (p.12). Therefore, the bankruptcy court properly dismissed Welt's adversary complaint for lack of jurisdiction over the subject matter.[4]

The bankruptcy court recognized that it has "no authority to subvert or re-draw the Medicare system as established by Congress." C.P. 23, p.13. This is a system which includes "its own comprehensive administrative and judicial review scheme," one which is "precisely drawn . . . and detailed" and must be followed by both "providers and courts." St. Vincent's Medical Center v. United States, 32 F.3d 548, 549-550 (Fed. Cir. 1994). The bankruptcy court recognized the existence of administrative recourse which could be available to Welt in the face of any alleged harm he might face on Medicare matters. C.P. 23, pp.14-15; see 42 U.S.C. § 1395oo, 42 C.F.R. § 405.1803 (appeals to PRRB); 42 C.F.R. § 405.1885 (requests for reopening).[5] No court can review a Medicare

---

[4]An alternative line of analysis, one which looks carefully at 28 U.S.C. § 1334 as a starting point, would have yielded effectively the same conclusion. On its face, 28 U.S.C. § 1334(b) confers jurisdiction only over cases "arising in or related to cases under title 11." Section 1334 does not purport to grant courts jurisdiction to decide the Secretary's Medicare matters. Section 1334(b) applies "notwithstanding any Act of Congress that confers exclusive jurisdiction *on a court or courts* other than the district courts" (emphasis added). That is, "[s]ection 1334(b) concerns the allocation of jurisdiction between bankruptcy courts and other 'courts,' and, of course, an administrative agency . . . is not a 'court'." Board of Governors v. MCorp Financial, 502 U.S. 32, 41-42 (1991). Now the Medicare statute, at 42 U.S.C. § 405(h) (as incorporated by 42 U.S.C. § 1395ii), does not confer exclusive jurisdiction on *any court* -- instead, it *deprives all* courts of jurisdiction to decide Medicare issues absent administrative exhaustion. Because the district courts lack jurisdiction to hear Medicare disputes, the bankruptcy courts, whose jurisdiction is derivative, also lack jurisdiction to hear Medicare disputes.

[5]As a practical matter, the Secretary, upon a discretionary review of all relevant circumstances, had refrained from effectuating against Welt deadlines for the submission of the requisite Medicare cost data. See C.P. 23 (p.14, n.4); C.P. 12 (pp. 17-18).

13

reimbursement-related matter, in the absence of an exhaustion of administrative remedies, or on any terms except for those terms set out in the Medicare statute itself.

> **b.    The "law of the case" principle did not, and could not, govern the bankruptcy court's decision.**

Welt's second argument in this appeal is that the bankruptcy court's dismissal of Welt's adversary complaint was "in direct conflict with the law of the case as established by the bankruptcy court's previous ruling in a related adversary [proceeding] styled [HSS] of Tennessee v. Shalala [], Adv. No. 98-2151-BKC-RBR, where the factual underpinnings of both proceedings are substantially the same . . ." Brief of the Appellant, p. 16. The order to which Welt refers was entered in another adversary proceeding within the HSSI bankruptcy cases on May 15, 1998, when the HSS cases were in Chapter 11 status. See C.P. 23 (pp. 15-16) (wherein bankruptcy court distinguishes the question entertained in the earlier case). The substance of that earlier adversary complaint involved the Secretary's withholding of a stream of post-petition Medicare payments from the plaintiff HSS of Tennessee, Inc., with the alleged application of the withheld amounts toward the Medicare overpayment indebtedness of another corporation, HSS of California, Inc. The narrow question posed was whether there had been a violation of the automatic stay in bankruptcy.[6] The bankruptcy court exercised jurisdiction over HSS of Tennessee, Inc.'s motion for a temporary restraining order and preliminary injunction. Later, on motion by HSS of Tennessee, Inc., the bankruptcy court *vacated* its

---

[6]Straining credulity, Welt would submit that the facts set out in the HSS of Tennessee adversary are "substantially the same" as those involving alleged actions in 1992 or thereabouts, concerning a former HSS entity in Florida called ACMS.

order, on January 5, 1999.[7]

Once vacated on January 5, 1999, the bankruptcy court order of May 15, 1998 became null and

of no effect whatsoever.  To "vacate" is to annul; to set aside; to cancel or rescind.  BLACK'S LAW

DICTIONARY 1548 (6th ed. 1990). Thus, vacatur of an order or judgment reverts a case to the status

quo. See, e.g., Golden Budha Corporation v. Canadian Land Company of America, 931 F.2d 196, 202

(2nd Cir. 1991). A vacated order or judgment is "utterly and entirely void." See In re Sciortino, 120

B.R. 369, 376 (Bankr. E.D. Pa. 1990).  When a judgment has been vacated, it is not the law of the

case. See O'Connor v. Donaldson, 422 U.S. 563, 577 n.12 (1975).  Also see generally County of Los

Angeles v. Davis, 440 U.S. 625, 634 n.6 (1979) (vacated appellate judgment is necessarily deprived

of precedential effect).

In essence, Welt argues here that under the principles of the law of the case, a prior decision,

subsequently vacated, in a different adversary proceeding, precluded dismissal of Welt's complaint,

required granting Welt's motion for summary judgment, and now necessitate reversal.[8]  This is a quite

---

[7]The order of May 15, 1998, and the January 5, 1999 order vacating it, have been added
to the record in the present appeal.   Subsequent to designating the record in this appeal, Welt
filed a motion (on or about February 8, 2000) to supplement the record on appeal with, inter alia,
the HSS of Tennessee order dated May 15, 1998, along with the subsequent vacatur order of
January 5.  Welt's motion to supplement contained no legal authority whatsoever.  This Court
granted Welt's motion to supplement on February 14, 2000, before the Secretary had had
opportunity to respond to said motion.  The Secretary respectfully submits that Welt's
supplementary materials are extraneous to the matter on appeal and that Welt did not establish
any meaningful basis for supplementing the record.  See generally Shahar v. Bowers, 120 F.3d
211, 212 (11th Cir. 1997), cert. denied 522 U.S. 1049 (1998) (while appellate does have inherent
equitable power to supplement record on appeal with information not reviewed below, that
authority is rarely exercised because court below is where case is to be litigated).  In any event,
the latter order vacating the earlier one itself defeats any possible materiality for the earlier order.

[8]This position also constitutes Welt's further argument ("II."), discussed infra.

novel invocation of the principles of law of the case.

Welt relies upon <u>Venn v. St. Paul Fire and Marine Insurance Co.</u>, 99 F.3d 1058 (11th Cir. 1996). Brief of the Appellant, p.17.    Welt's reliance is misplaced.   In <u>Venn</u>, the Eleventh Circuit articulated law of the case principles for situations which are very different from the present case: "Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case." <u>Id</u>. at 1063.  Here, Welt is not seeking to rely on a prior appellate decision in this case.  Instead, he wishes to rely on a vacated decision by the bankruptcy court in a different adversary proceeding in the bankruptcy.  As explained in Wright and Miller:

> Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. ... Although a common label is used, [several] distinctive sets of problems are caught up in law of the case terminology. ... The most distinctive law of the case rules are those that justify refusal by a trial court to reconsider matters once resolved in a continuing proceeding ... . As would be expected, questions that have not been decided do not become law of the case merely because they could have been decided; ... . Although courts are often eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish. Law of the case principles in this aspect are a matter of practice that rests on good sense and the desire to protect both court and parties against the burdens of repeated argument by indefatigable diehards. In one classic statement, Justice Holmes noted that law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."

18 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction § 4478. <u>See</u> <u>Venn</u>, 99 F.3d at 1063 (law of the case is not a limitation on court's power).

Here, there are two separate adversary proceedings.  Moreover, as recognized below (C.P. 23, pp.15-16), the two adversary proceedings presented different questions: (a) whether the bankruptcy court has jurisdiction to enter interlocutory relief for violation of the automatic stay in bankruptcy; and

(b) whether the Medicare statute sets forth the exclusive basis for jurisdiction over disputes pertaining to Medicare reimbursement.    Additionally, the bankruptcy court *vacated its decision* in the first adversary proceeding, so it could hardly be binding precedent or law of the case.  Finally, even if the results in the two decisions had been inconsistent, even if the two decisions had been entered in a single continuing lawsuit, and even if the HSS of Tennessee order had not been vacated, the bankruptcy court clearly had the power to revisit an issue and could not commit reversible error merely by doing so. Thus, law of the case principles can provide no basis for reversal of the bankruptcy court's ruling.

## II.    THE BANKRUPTCY COURT DID NOT ERR IN DENYING WELT'S MOTION FOR REHEARING AND/OR RECONSIDERATION AND FOR LEAVE TO AMEND THE COMPLAINT.

After the bankruptcy court issued its order dismissing Welt's complaint (C.P. 23), Welt filed a motion for rehearing and/or reconsideration and for leave to amend his complaint (C.P. 28).  The bankruptcy court denied Welt's motion (C.P. 29).  Welt now argues on appeal that the bankruptcy court erred in denying Welt's motion.  A lower court's denial of a motion for reconsideration or rehearing is reviewed for an abuse of discretion.  See Global Network Technologies, Inc. v. Regional Airport Authority, 122 F.3d 661, 665 (8th Cir. 1997); Branum v. Clark, 927 F. 2d 698, 704 (2nd Cir. 1991); Batterton v. Texas General Land Office, 783 F.2d 1220, 1225 (5th Cir. 1986); Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir. 1981), cert. denied, 454 U.S. 1084 (1981); In re Martinelli, 96 B.R. 1011, 1012 (9th Cir. BAP 1988); In re University Creek Plaza, Ltd., 176 B.R. 1011, 1022 (S.D. Fla. 1995); also see generally Davis v. Wal-Mart Stores, Inc., 967 F. 2d 1563, 1566 (11th Cir. 1992) (standard of review for lower court's denial of motion for new trial is abuse of discretion).  Here, the bankruptcy court acted well within its discretion when it denied Welt's motion.

17

In considering Welt's motion, the bankruptcy court properly utilized the correct standard for reviewing motions of that nature. See C.P. 29. A motion for reconsideration or rehearing may only be granted where an intervening change in controlling law has occurred; where evidence not previously available has become available; or where reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. In re Envirocon International Corporation, 218 B.R. 978, 979 (M.D. Fla. 1998); see Deutsch v. Burlington Northern Railroad Company, 983 F.2d 741, 744 (7th Cir. 1992), cert. denied, 507 U.S. 1030 (1993). Such a motion may not be used by a party to raise an argument which could have been raised prior to entry of judgment. See Seamon v. Vaughan, 921 F.2d 1217, 1220 (11th Cir. 1991). Here, the bankruptcy court correctly determined that there had been no change in controlling law since the dismissal of the adversary complaint; that there was no evidence newly-available; that there had been no clear error of law and no manifest injustice; and that there was insufficient reason to permit a present amendment of the complaint. C.P. 29.

In challenging the bankruptcy court's denial of the motion, Welt relies once again on his "law of the case" argument based upon the earlier adversary proceeding brought by HSS of Tennessee against the Secretary, in order to maintain that the bankruptcy court order dismissing Welt's adversary complaint for lack of subject matter jurisdiction was based upon "manifest errors of law and fact." See Brief of the Appellant, p. 18. For the several reasons already set out supra, Welt's reliance is meritless. There was no governing "law of the case"; the order in the earlier adversary proceeding had been vacated; the facts and issues were distinct; etc.

Welt's motion contained no meaningful basis for reconsideration or rehearing. The bankruptcy court acted quite properly within its discretion when it denied Welt's motion.

18

**CONCLUSION**

Welt's arguments are without merit. The bankruptcy court correctly recognized that the Medicare statute contains its own comprehensive scheme of administrative and judicial review, and that no court has jurisdiction over Medicare reimbursement matters except as provided for in the Medicare statute. Thus, the bankruptcy court properly granted the Secretary's motion to dismiss the adversary complaint for lack of jurisdiction over the subject matter and properly denied Welt's motion for partial summary judgment. No law of the case principle bound the bankruptcy court. Moreover, the bankruptcy court acted well within its discretion when it denied Welt's motion for reconsideration/rehearing. For the foregoing reasons, it is respectfully submitted that the decision of the bankruptcy court should be affirmed.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
Grisel Alonso
Assistant U.S. Attorney
99 N.E. 4th Street, Suite 310
Miami, Florida 33132-2111
Tel. No.: (305) 961-9310
Fax No: (305) 530-7195
Florida Bar No. 702994

Bruce R. Granger, Esq.
Greg Bongiovanni, Esq.
Office of the General Counsel
U.S. Department of Health and Human Services
61 Forsyth Street, SW, Suite 5M60
Atlanta, Georgia 30303-8909

Attorneys for Appellee

19

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Brief of the Appellee has

been served by first class United States mail, postage prepaid, on this 29 th day of February, 2000 to:

Arthur H. Rice, Esq.
James M. Vaughn, Esq.
Rice & Robinson, P.A.
Suite 1100
848 Brickell Avenue
Miami, Florida 33131-2943


Lance H. Baker, Esq.
Ruden McCloskey
Suite 1900
200 E. Broward Blvd.
Fort Lauderdale, Florida 33302

Grisel Alonso
Assistant United States Attorney