**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.00-6127-CIV-GRAHAM
Bankr. No. 98-21821-BKC-RBR

IN RE:

HOSPITAL STAFFING SERVICES, INC.,
ET AL.

    Debtors.
_____/

KENNETH A. WELT as Chapter 7 Trustee
of Hospital Staffing Services, Inc.
and its
fourteen (14) related Debtors,

    Appellant,

vs.

DONNA SHALALA, as Secretary of
United States Department of Health and
Human Services,

    Appellee.
_____/



### ORDER

**THIS CAUSE** came before the Court upon an appeal by the Trustee, Kenneth A. Welt, Chapter 7 Trustee for Hospital Staffing Services, Inc. and its fourteen affiliates ("Appellant"), pursuant to 28 U.S.C. § 158(a), of Bankruptcy Judge Raymond B. Ray's Order Granting Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment, entered on December 7, 1999, and Order Denying Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's

1

Motion to Dismiss Complaint, etc., entered on December 22, 1999.

I.  **Factual and Procedural Background**

This appeal revolves around the degree of intersection, if any, between the administrative review procedures under the Medicare Act and the Bankruptcy Court's jurisdiction over a debtor's claims to Medicare reimbursements.

Hospital Staffing Services, Inc. ("HSSI") and its affiliates (collectively the "Debtors") operated home health agencies in which a portion of their patients were Medicare beneficiaries. In order to obtain reimbursement for services provided to these Medicare beneficiaries, Debtors held Medicare Provider Agreements with Donna Shalala, as Secretary of the United States Department of Health and Human Services ("Appellee"). 42 U.S.C. §1395cc.

<u>Medicare Reimbursement Procedure</u>

The Bankruptcy Court's opinion contains a detailed description of Medicare reimbursement procedure and appellate remedies. In summary, it works as follows: Medicare Provider Agreements detail the amount providers, such as Debtors, are reimbursed based on their actual costs of service. 42 U.S.C. §§ 1395f(b), 1395x(v)(1)(A). Providers are compensated by private entities which act as intermediaries. These intermediaries make payments to providers based on the provider's cost estimates. If the intermediary later determines that a provider has been over or under paid, an adjustment is made to the following month's

interim payment. These interim adjustments are not appealable. At year end, the intermediary reviews the provider's annual Medicare cost report, makes a final determination as to the proper amount of the total annual reimbursement and issues a notice of program reimbursement ("NPR").

If a provider is dissatisfied with the NPR, it may begin an administrative appeal with the Provider Reimbursement Board ("PRRB").[1] The provider will present its case to the PRRB and the PRRB will make a ruling - which in most cases becomes the decision of the Secretary. See 42 U.S.C. § 1395oo(f)(1). If a provider is still dissatisfied, it may seek judicial review of the final administrative decision. Id.

### Debtors' Bankruptcy Petitions

In March, 1998, Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. Thereafter, in February, 1999, the Debtors ceased business operations and the cases were converted to Chapter 7 administration. Appellant was appointed Chapter 7 trustee. At the time of conversion of Debtors' petitions from Chapter 11 to Chapter 7, Debtors had a number of appeals pending before the PRRB.

---

[1] In addition to an appeal with the PRRB, a dissatisfied provider may, within three years of issuance of an NPR, approach the intermediary with a request to re-open the NPR if the provider discovers new documentation that might change the result.

On September 20, 1999, Appellant filed a Complaint for Damages pursuant to 11 U.S.C. §362(h) and 11 U.S.C. §105 for Intentional Violation of the Automatic Stay; for Injunctive Relief Pursuant to 11 U.S.C. § 105; and for Declaratory Judgment against Appellee seeking a declaration that he, as Debtors' trustee, could circumvent the Medicare administrative appeals process by bringing a lawsuit against the Appellee regarding several Medicare reimbursement issues.

Appellant moved for Partial Summary Judgment as to the Declaratory Relief Count. Appellee then moved to dismiss the Complaint in its entirety on the grounds that the Bankruptcy Court had no subject matter jurisdiction over the case.

On November 9, 1999, Bankruptcy Judge Raymond B. Ray held a hearing on Appellant's Motion for Partial Summary Judgment and Appellee's Motion to Dismiss. The Bankruptcy Court determined that it did not have subject matter jurisdiction over Appellant's Complaint, denied Appellant's Motion for Partial Summary Judgment and granted Appellee's Motion to Dismiss. Appellant moved for reconsideration on December 20, 1999. The Bankruptcy Court also denied that motion. Judge Ray's determinations led to the instant appeal.

Appellant argues that the Bankruptcy Court erred by: 1) holding that 42 U.S.C. §405(h) is a jurisdictional bar to Appellant's claims; 2) granting the Appellee's motion to dismiss

for lack of subject matter jurisdiction despite the ruling in a related adversary proceeding; and 3) denying Appellant's Motion for Reconsideration.

The Court finds that Bankruptcy Judge Ray correctly applied the law to the facts of the case, and thereby affirms his decision.

## II.   Discussion

Conclusions of law made by Bankruptcy Court are subject to de novo review. See In re Chase and Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990). A Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. Id. Equitable determinations are reviewed for an abuse of discretion. See In re Red Carpet Corp. of Panama City Beach, 902 F.2d 883 (11th Cir. 1990).

### A.   Where Administrative Remedies Have Not Been Exhausted, A Bankruptcy Court Has No Jurisdiction Over A Medicare Reimbursement Claim.

Appellant's argument is essentially that 42 U.S.C. §405(h) is not a bar to the Bankruptcy Court's exercise of jurisdiction over this matter because: 1) Appellant did not ask the Bankruptcy Court to review the fairness or legality of an administrative decision and 2) Section 405(h) does not explicitly reference 28 U.S.C. §1334. Appellant's arguments are contrary to the stated intent of the Legislature in enacting and amending §405 and the well established case law on this issue.

> 1) **Appellant's claims are inextricably intertwined with a medicare payment/reimbursement determination.**

Through his Complaint, Appellant attempted to have the Bankruptcy Court prematurely review Appellee's decisions prior to the exhaustion of the Debtors' administrative remedies. The Bankruptcy Court correctly determined this is inappropriate because Appellant's claims are inextricably intertwined with the Appellee's reimbursement decisions.

Section 405(h) provides:

> [t]he findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).[2] Except as specified in 42 U.S.C. §1395oo, which establishes the PRRB, a court is barred by §405(h) from jurisdiction over a grievant's Medicare reimbursement concerns. Indeed, a party is required to exhaust all administrative remedies before resorting to the judiciary.

The jurisdictional bar of §405(h) is "sweeping and direct" in its application. See Weinberger v. Salfi, 422 U.S. 479, 757 (1975). The Supreme Court, in Heckler v. Ringer, 466 U.S. 602 (1984), explicitly applied the preclusive effect of §405(h) to a

---

[2]  Section 405(h) is specifically made applicable to Medicare determinations by 42 U.S.C. §1395ii.

Medicare matter and held that §405(h) barred a court from exercising jurisdiction over all claims which are "inextricably intertwined" with Medicare payment determinations. Heckler, 466 U.S. at 614-15. See also American Academy of Dermatology v. Department of Health and Human Services, 118 F.3d 1495 (11th Cir. 1997)(holding that the district court had no subject matter jurisdiction because beneficiaries' claims were inextricably intertwined with benefits determination); American Federation of Home Health Agencies, Inc. v. Heckler, 754 F.2d 896, 898 (11th Cir. 1984)(determining that the district court had no jurisdiction, even in situation where no benefits award is sought, if claims "arise under" the Medicare act).

Appellant's Complaint deals directly with the propriety, timing and amount of Debtors' Medicare reimbursements. These claims are inextricably intertwined with Debtors' Medicare reimbursement claims now pending before the PRRB. See Mid Delta Health Systems, Inc. v. Shalala, 1999 WL 33114113 at *1 (Bankr. N.D.Miss. 1999)("Regardless, the 'bottom line' of the complaint centers on what is actually owed by the plaintiffs.").

Appellant argues that the Bankruptcy Court erred because Appellant was only asking the Bankruptcy Court to administer the Debtors' estates and not rule on the fairness or legality of Appellee's actions. Appellant, however, fails to appreciate that before administrative remedies have been exhausted, the

Bankruptcy Court cannot administer that portion of the estate which may deal with disputed Medicare reimbursements. Appellant's desire to separate the analysis of the fairness and legality of decisions about Debtors' Medicare reimbursements from the administration of Debtors' estate is simply precluded by §405(h). <u>In re The Southern Institute For Treatment and Evaluation, Inc.</u>, 217 B.R. 962, 965 (Bankr. S.D.Fla. 1998)("The law affords no judicial consideration of any Medicare reimbursement matter before the exhaustion of administrative remedies."); <u>In re Tri County Home Health Services, Inc.</u> v. <u>United States Department of Health and Human Services</u>, 230 B.R. 106 (Bankr. W.D.Tenn. 1999)( "There is a firm jurisdictional bar against any court adjudicating any Medicare reimbursement dispute except as provided in the Medicare Statute."). <u>See also</u> <u>Matter of Visiting Nurse Ass'n of Tampa Bay, Inc.</u>, 121 B.R. 114 (Bankr. M.D. Fla. 1990)("overwhelming consensus" is that federal courts do not have jurisdiction to hear challenges between providers and the Secretary or review board without an exhaustion of administrative remedies.")

        2)    **The Bankruptcy Court's analysis comports with the Legislature's intent in enacting and amending §405(h).**

Appellant also argues that 42 U.S.C. §405(h) does not bar a bankruptcy court from exercising jurisdiction under 28 U.S.C. §1334 over a Medicare reimbursement issue because §405(h) does

not explicitly reference 28 U.S.C. §1334. This argument ignores the Legislature's intent in enacting and amending §405(h) and many courts' interpretation of §405(h).

When originally enacted, the third sentence in §405(h) specifically prohibited any action under "Section 24 of the Judicial Code of the United States." Then Section 24 - codified at 28 U.S.C. §41 - contained nearly all jurisdictional grants, including bankruptcy jurisdiction. See Amendments to Title II of the Social Security Act, § 201, 53 Stat. 1362, 1371 (1939). When the judicial code was revised in 1948, jurisdictional grants were placed in separate sections. See Pub.L.No. 80-773, 62 Stat. 869, 930-35 (1948). In 1984, the Legislature revised §405(h), and replaced "Section 24" with "Section 1331 or 1346." Upon amending, the Legislature stated "none of such amendments shall be construed as changing or affecting any right, liability or status or interpretation which existed." Pub.L. 98-369, §2664(b), 98 Stat. 1171-72 (1984).[3]

---

[3] Appellant argues that this legislative history was only intended to preclude changes in the substantive law and not procedural law. Appellant's argument is directly contradicted by the Supreme Court's decision in Heckler v. Ringer, 466 U.S. 602 (1984), which held that "the inquiry in determining whether §405(h) bars federal-question jurisdiction must be whether the claim "arises under" the Act, not whether it lends itself to a "substantive" rather than a "procedural" label." Ringer at 614. See also American Federation of Home Health Agencies, Inc. v. Heckler, 754 F.2d 896, (11th Cir. 1984).

Many courts have analyzed the amendments to §405(h) and determined that the jurisdictional bar applies to all cases in which administrative remedies have not been exhausted, and not simply those in which jurisdiction is asserted under §1331 or §1346. See Midland Psychiatric Associates, Inc. v. United States, 145 F.3d 1000, 1004 (8th Cir. 1998)(no 28 U.S.C. §1332 diversity jurisdiction over Medicare matter prior to exhaustion of administrative remedies); Bodimetric Health Services, Inc. v. Aetna Life & Casualty, 903 F.2d 480, 488-489 (7th Cir. 1990), cert. denied, 498 U.S. 1012 (1990)(same); Total Renal v. Shalala, 60 F.Supp.2d 1323, 1331 (N.D.Ga. 1999)(no 28 U.S.C. §1361 jurisdiction over Medicare matters when administrative remedies have not been exhausted).

The same analysis and conclusion has been reached in the bankruptcy context. See In re The Southern Institute For Treatment and Evaluation, Inc., 217 B.R. 962, 965 (Bankr. S.D.Fla. 1998)(Section 405(h) barred §1334 jurisdiction over Medicare reimbursement claim and/or overpayment); In re AHN Homecare, L.L.C., 223 B.R. 804, 807-808 (Bankr. N.D.Tex. 1998)("Bankruptcy actions, like diversity actions, were barred under the prior codification of section 405(h) and remain so today."); In re St. Johns Home Health Agency, Inc., 173 B.R. 238 (Bankr. S.D. Fla. 1994)("[T]he omission . . . was not meant to create bankruptcy jurisdiction where it previously was

precluded."); In re St. Mary Hospital, 123 B.R. 14, 17 (Bankr. E.D.Penn. 1991).

It is clear that the Bankruptcy Court considered the history of §405(h) and the cases analyzing §405(h) and correctly concluded that it had no jurisdiction over Appellant's Complaint.

### B. The Related Case Ruling Does Not Confer Jurisdiction on the Bankruptcy Court.

The Bankruptcy Court's decision is not in direct conflict with the related adversary proceeding in this matter, and even if a conflict did exist, the Law of the Case Doctrine does not have any application to this matter because there has been no appellate decision.

The Bankruptcy Court correctly concluded that its findings were not inconsistent with those made by the Court in the related adversary proceeding of <u>Hospital Staffing Services of Tennessee, Inc. v. Donna Shalala et. al.</u>, Adv. No. 98-2151 BKC-RBR-A. The Bankruptcy Court found that in <u>Hospital Staffing Services of Tennessee</u>, the Court was only asked to determine whether the withholding of post-petition payments was a violation of the automatic stay. The Court was not asked to determine any amounts of overpayment or whether any actions were proper. This matter is clearly different as Appellant is asking the Court to intervene in pre-petition decisions and determine the propriety of these decisions.

11

Additionally, even if the proceedings were based on the same facts and issues, the Law of the Case Doctrine does not prohibit the Bankruptcy Court's ruling. Under the Law of the Case doctrine, lower courts are generally bound by a prior appellate decision of the same case. See Venn v. St. Paul Fire and Marine Ins. Co., 99 F.3d 1058, 1063 (11th Cir. 1996). Appellant relies on a prior Bankruptcy Court decision – not a decision of an appellate court. Therefore, the Law of the Case doctrine is inapplicable to this matter and the Bankruptcy Court correctly determined that it did not have subject matter jurisdiction over Appellant's Complaint.

> C.  **Denial of Motion For Rehearing and/or Reconsideration Was Not An Abuse of Discretion.**

The Bankruptcy Court's denial of Appellant's Motion for Rehearing and/or Reconsideration is reviewed under an abuse of discretion standard. See Kellogg v. Schreiber, 197 F.3d 1116, 1119 (11th Cir. 1999). The Bankruptcy Court could only reconsider its previous order if 1) an intervening change in controlling law has occurred; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or to prevent manifest injustice. Deutsch v. Burlington Northern Ry. Corp., 983 F.2d 741 (7th Cir. 1992). The Bankruptcy Court determined that none of these conditions were satisfied. This Court has already determined that the Bankruptcy Court correctly applied the law to the facts of the

case. Additionally, there has not been new evidence or new case law presented. Therefore, there is no indicia of the Bankruptcy Court abusing its discretion in denying the Motion for Rehearing and/or Reconsideration.

### III. Conclusion

The Court finds that the Bankruptcy Court correctly applied the law to the facts of the case. It is therefore,

**ORDERED** and **ADJUDGED** that the Bankruptcy Court's Order on Defendant's Motion to Dismiss Complaint and Denying Plaintiff's Motion for Partial Summary Judgment and Order Denying Trustee's Motion for Rehearing and/or Reconsideration of Order Granting Defendant's Motion to Dismiss Complaint, etc., are hereby affirmed. It is further,

**ORDERED** and **ADJUDGED** that this case is CLOSED for administrative purposes in the Southern District of Florida and that any pending motions are DENIED AS MOOT.

**DONE** and **ORDERED** in Chambers at Miami, Florida, this 31st day of August 2000.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Grisel Alonso, AUSA
    Andrew Zaron, Esquire
    Arthur Rice, Esquire
    Greg Bongiovanni, Esquire
    Lance Baker, Esquire
    Kenneth A. Welt

13